The People *v.* Forbes.

SUPREME COURT. At Chambers. New York, August, 1860. Before *Sutherland,* Justice.

## THE PEOPLE *v.* CATHARINE FORBES.

Satisfactory evidence that a female is "a common prostitute and idle person," will not authorize her conviction as a vagrant under the statute.

"Common prostitutes" and "idle persons" are not necessarily vagrants; it is only "common prostitutes who have no lawful employment whereby to maintain themselves," and "idle persons who, not having any visible means to maintain themselves, live without employment," that come within the vagrancy acts.

These acts are constitutional, but should be construed strictly and executed carefully in favor of the liberty of the citizen.

Where a person is committed as a vagrant, the record and commitment should set forth the grounds on which the charge of vagrancy was based. (*a*)

CATHARINE FORBES had been committed as a vagrant by one of the police justices of the city of New York. The commitment showed that she had been convicted of being "a common prostitute and idle person." She was brought up, on *habeas corpus,* before Mr. Justice Sutherland, at chambers, who, after hearing counsel, delivered the following opinion, and discharged the prisoner:

SUTHERLAND, J. The warden of the city prison returns to the writ of *habeas corpus* allowed by me in this matter, a copy of the warrant of commitment under which the prisoner was

(*a*) *Sed vide* the next case, *The People v. Gray.*

received into his custody, and by virtue of which she is held and detained.

After hearing counsel, and after giving to the subject the most serious consideration called for, as I thought, by its great importance and public interest, I have come to the conclusion that the warrant of commitment, on its face, is absolutely void, and that the prisoner must be discharged, on the ground that it does not appear on the face of the commitment that the prisoner had been duly convicted of being a vagrant, or, indeed, that she has been convicted or committed for any offence or crime whatever.

The question on the face of the commitment arises in this manner: The warrant of commitment (which is under the hand and seal of Mr. Quackenbush, one of the police justices of this city), not only in due form recites the conviction of the prisoner, on competent testimony, of being a vagrant, but proceeds to state and specify the facts, circumstances or conditions which made or constituted the prisoner a vagrant, and on competent proof of which it must be assumed that the committing magistrate determined that the prisoner was a vagrant.

The words of the commitment are: "Whereas, Catharine Forbes stands charged, and is, on competent testimony made before me, lawfully convicted of being a vagrant—in this, to wit: that she is a common prostitute and idle person, of which conviction a lawful record in due form has been made and filed, and it appearing to me, for the cause aforesaid, that she is a vagrant within the meaning of the statute, &c., I do decide and determine that she be committed," &c.

The commitment then, on its face, presents this question: Did competent and satisfactory testimony that the prisoner was a common prostitute and idle person, authorize her conviction and commitment as a vagrant? There was no such common law offence or crime as vagrancy and idleness. By certain statutes, all persons coming within a certain description defined and declared by the statutes, are declared to be vagrants, and provision is made for their trial, conviction and imprisonment. We have two such statutes. By the Revised Statutes (2 *R. S.*,

The People v. Forbes.

879, 5th ed.), all idle persons who, not having any visible means to sustain themselves, live without employment; all persons wandering about and lodging in taverns, groceries, or beer-houses, outhouses or market places, sheds or barns, or in the open air, and not giving a good account of themselves; all persons wandering abroad and begging, or who go about from door to door, or place themselves in the streets, highways or other public places to beg or receive alms, shall be deemed vagrants. Common prostitutes, as such, are not named in this statute, and although they may be, and are, perhaps, most likely to be, or to become vagrants within the description of the statute, yet it is plain if a common prostitute is lawfully convicted of being a vagrant under this statute, she must be so convicted not merely on her confession, but on competent testimony that she is a common prostitute or an idle person. This statute does not declare common prostitutes as a class or by name to be vagrants, nor does it declare all idle persons to be vagrants, but only such idle persons as live without employment, and yet have no means to maintain themselves. By an act passed January 23, 1833, which, from its title and provision, would appear to be confined in its operations to the city of New York, "All common prostitutes who have no lawful employment whereby to maintain themselves," are declared vagrants. It is presumed that the prisoner, Catharine Forbes, was arrested and convicted under this act; but by this act common prostitution is neither defined nor declared to be a crime. By this act a certain class or description of common prostitutes are declared to be vagrants. Every word which defines this class, or makes a part of this description, is material and important.

The magistrate, in acting under the act, had no right to disregard one word of that description. He has no right, I think, to say or determine that a common prostitute is a vagrant within this act, merely because she is also idle or an idle person, without proof of any other fact or circumstance. To be a vagrant within this act, the common prostitute must be without any lawful employment whereby to maintain herself.

These words imply, I think, something more than being idle, or in an idle condition, and probably something more even than habitual idleness. They imply, I think, a want of any lawful business, occupation or means whereby to sustain herself. It is plain that, substantially, the same words as used in the Revised Statutes in describing the kind or class of idle persons declared to be vagrants, mean something more than mere idleness, otherwise the statutes would have declared all idle persons to be vagrants. The object of this act is not to punish common prostitutes as a sin or moral evil, or to reform the individual, but to protect the public against the crimes, poverty, distress or public burdens, which experience has shown common prostitution causes or leads to.

These statutes declaring a certain class or description of persons vagrants, and authorizing their conviction and punishment as such, as well as certain statutes declaring a certain class or description of persons to be disorderly persons, and authorizing their arrest as such, are in fact rather of the nature of public regulations to prevent crime and public charges and burdens, than of the nature of ordinary criminal laws prohibiting and punishing an act or acts as a crime or crimes.

If the condition of a person brings him within the description of either of the statutes declaring what persons shall be esteemed vagrants, he may be convicted and imprisoned, whether such a condition is his misfortune or his fault. His individual liberty must yield to the public necessity or the public good; but nothing but public necessity or the public good can justify these statutes, and the summary conviction without a jury, in derogation of the common law authorized by them. They are constitutional, but should be construed strictly and executed carefully in favor of the liberty of the citizen. Their description of persons who shall be deemed vagrants is necessarily vague and uncertain, giving to the magistrate in their execution an almost unchecked opportunity for arbitrary oppression or careless cruelty. The main object or purpose of the statutes should be kept constantly in view, and the magistrate should be careful and see, before convicting, that

The People *v.* Forbes.

the person charged with being a vagrant is shown, either by his or her confession, or by competent testimony, to come exactly within the description of one of the statutes. (See opinion of Edmonds, Circuit Judge, in the *People* v. *Phillips*, 1 *Park. Cr. R.*, 95.) In this case there is not the least ground for supposing that the committing magistrate's proceedings were not in good faith, and with the sole view of conscientiously discharging his duty. But no record of the conviction has been produced, and by an affidavit made in this matter, it appears probable that none has been filed in the clerk's office of the Court of Sessions, as required by the act of 1833, and the act of April 10, 1835, amending it; and I can therefore only look to the warrant of commitment to see whether the prisoner was lawfully convicted of being a vagrant, or of any crime or offence. For the reasons above stated, I think the commitment on its face does not show that the prisoner was lawfully convicted of being a vagrant, or of any offence or crime. No statute of this State has yet declared common prostitution or idleness to be a crime, and I think, for the reasons above stated, that the determination of the magistrate—that proof that the prisoner was a common prostitute and idle person, authorized her conviction as a vagrant—was erroneous.

The prisoner, therefore, must be discharged.