[No. 20314. In Chambers. — May 31, 1887.]

Ex parte ALICE McCARTHY, on Habeas Corpus.

Vagrancy — Information — Sufficiency of Allegation. — Under section 647 of the Penal Code, an information for vagrancy which alleges that the defendant, between certain specified dates, "willfully and unlawfully was, has been, and during said time continued to be, and still is, an idle and dissolute person, who wanders and roams, and has during said time wandered and roamed, about the streets of the city and county of San Francisco, at late and unusual hours of the night," is sufficient.

Application for a writ of *habeas corpus*.    The facts are stated in the opinion.

*M. S. Wirt,* and *Martin Quinlan,* for Petitioner.

*E. B. Stonehill,* for Respondent.

Searls, C. J.—The petitioner, Alice McCarthy, was convicted of vagrancy in the Police Court in and for the city and county of San Francisco, and upon an appeal to the Superior Court the judgment was affirmed.

She now asks to be discharged, upon the ground that the complaint against her stated no offense of which the court could take jurisdiction, and hence that the judgment is void.

The substance of so much of the complaint as is necessary to be stated is, that Alice McCarthy, on and from the twenty-sixth day of April to the twenty-sixth day of May, 1887, at the city and county of San Francisco, committed a misdemeanor, and during said period "willfully and unlawfully was, has been, and during said time continued to be, and still is, an idle and dissolute person, who wanders and roams, and has during said time wandered and roamed, about the streets of said city and county, at late and unusual hours of the night."

Section 647 of the Penal Code, under which petitioner was convicted, specifies various acts as constituting vagrancy, among which are common prostitutes, common drunkards, etc., including, also, idle and dissolute persons who wander and roam about the streets, etc., using the language of the complaint herein.

The first clause of the section is in the following language:—

"Every person (except a California Indian) without visible means of living, who has the physical ability to work, and who does not for space of ten days seek employment, nor labor when employment is offered him;

every healthy beggar who solicits alms as a business, . . . . is a vagrant."

The contention of petitioner is, that the statute is to be construed in the light of this first clause, and as though its requirements were repeated in connection with *each* of the other acts defined as constituting vagrancy, and that to charge a defendant with being a common drunkard, a healthy beggar, an associate of known thieves, etc., is not sufficient to constitute him a vagrant, without further charging him to be without visible means of living, etc.

I do not so construe the statute. It enumerates in several groups certain acts which shall constitute vagrancy, and he or she who is guilty of the acts thus enumerated in any one of these groups is liable to the penalty of the statute. (*People* v. *Frank*, 28 Cal. 508.)

The complaint charges all of the acts specified in one of these groups, and is therefore sufficient. The fact that it states in addition some of the acts specified in other and independent groups of the same section does not invalidate it.

The case of *People* v. *Forbes*, 4 Park. Cr. 611, relied on by petitioner's counsel, is not in point.

In that case, the defendant was shown to have been convicted as a vagrant in this, to wit, "that she is a common prostitute and idle person."

In that state (New York), there were two separate statutes under which a conviction of vagrancy could be had. One applied to "all common prostitutes who had no lawful employment whereby to maintain themselves," under which the defendant was presumed to have been convicted; and as the record only showed that she was a common prostitute, etc., and failed to show or charge that she was "without lawful employment," etc., it was held insufficient.

Under our statute, as was well said in that case, every word which *defines the class or makes a part of the descrip-*

*tion* is material and important, but those words which go to define any other class of vagrants need not be inserted.

. The doctrine of *People* v. *Forbes, supra,* applies to those of the charges set out in the complaint which fail to state all the requisite facts to constitute vagrancy, but has no application to the charge against defendant herein quoted, which standing alone is sufficient to maintain and uphold the judgment.

The court had jurisdiction of the prisoner, and she was convicted of an offense within the statute.

The prayer of the petitioner is denied, and she is remanded to the custody of the sheriff.