[Crim. No. 105.    Department Two.—June 5, 1896.]

## THE PEOPLE, ETC., RESPONDENT, *v.* P. J. FAUST, APPELLANT.

CRIMINAL LAW—SELLING LIQUOR TO INDIANS—SUFFICIENCY OF INFORMATION—OMISSION OF NAMES—IDENTITY OF OFFICERS.—An information charging the defendant with willfully and unlawfully selling intoxicating liquor to two Indians is not rendered insufficient in not naming the Indians; and if the defendant is again prosecuted for the same offense, he may plead the conviction, and establish the identity of the offense by parol evidence; and little aid in this regard would be furnished by designating the Indians by name, their names being seldom a matter of notoriety among the white population.

ID.—SINGLE OFFENSE.—An information charging the defendant with the selling and furnishing of intoxicating liquor at the same time and place to two Indians states but a single offense.

ID.—PROOF OF OFFENSE CHARGED—VARIANCE.—Where the defendant is charged with selling liquor to two Indians, the offense charged is substantially proved without material variance, where the evidence shows that two Indians were together in a barroom, and that one of them gave defendant money, with which he purchased a bottle of whiskey at the bar, after which both Indians repaired to a convenient place, where the defendant met them and delivered a bottle of whiskey to the Indian who paid him the money, after which both of them drank from the bottle, though not in the defendant's presence.

ID.—VENUE—JUDICIAL NOTICE.—Where the evidence shows that the offense was committed in the town where the trial was held, the court will take judicial notice that it is the county seat, and is situated within the county, and the venue of the offense is sufficiently proved.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order denying a new trial. W. T. MASTEN, Judge.

The facts are stated in the opinion.

*E. V. Spencer,* and *F. C. Spencer,* for Appellant.

The information is too general and not direct and certain as to the offense charged.   It should give names

and specify what particular Indian or Indians defend-
ant sold liquor to.   (Pen. Code, secs. 950, 952; *People* v.
*Palmer*, 53 Cal. 615; *People* v. *Feilen*, 58 Cal. 225; 41
Am. Rep. 258; Wharton's American Criminal Law, secs.
254, 299; *United States* v. *Simmons*, 96 U. S. 360; *Biggs*
v. *People*, 8 Barb. 547; *People* v. *McKenna*, 81 Cal. 160;
*People* v. *Neil*, 91 Cal. 468.)   The demurrer should have
been sustained for this reason, and also because the in-
formation charges defendant with two offenses.   If fur-
nishing liquor to any Indian is an offense, furnishing it
to two Indians is two offenses.  (Pen. Code, secs. 597,
954; *People* v. *Alibez*, 49 Cal. 453; *People* v. *Majors*, 65
Cal. 146; 52 Am. Rep. 295; Wharton's American Crim-
inal Law, sec. 382; 4 Am. & Eng. Ency. of Law, 755;
*McGahagin* v. *State*, 17 Fla. 665; *State* v. *McPherson*, 9
Iowa, 53; *State* v. *Stouderman*, 6 La. Ann. 286; *State* v.
*Palmer*, 35 Me. 9; *Commonwealth* v. *Symonds*, 2 Mass.
163; *Morse* v. *Eaton*, 23 N. H. 415; *State* v. *Fowler*, 28
N. H. 184; *People* v. *Wright*, 9 Wend. 193; *Common-
wealth* v. *Bartilson*, 85 Pa. St. 487; *Fulmer* v. *Common-
wealth*, 97 Pa. St. 503; *Greenlow* v. *State*, 4 Humph. 25;
*Weathersby* v. *State*, 1 Tex. App. 643.)   There is a fatal
variance between the information and the proofs.   The
information charges the defendant with selling intoxi-
cating liquor to two Indians, and the evidence shows that
if this defendant sold or furnished liquor at all, it was
to one Indian only.   (Wharton's American Criminal
Law, sec. 592; *People* v. *Arras*, 89 Cal. 226; *People* v.
*Hughes*, 41 Cal. 234; *People* v. *Allen*, 61 Cal. 140; *People*
v. *Oreileus*, 79 Cal. 178; *People* v. *McNealy*, 17 Cal. 336;
*People* v. *Leong Sing*, 77 Cal. 117.)   The testimony of
witnesses Strong and Johnston as to whether or not the
persons to whom defendant is alleged to have sold liquor
were Indians was incompetent, as neither of them knew
anything of the arresting of the alleged Indians.   (1
Greenleaf on Evidence, Redfield's ed., secs. 103–05.)
The statements of witness Johnston that one of the per-
sons had told him years before that he was an Indian
is inadmissible, as it does not appear that the declarant

is dead. (1 Greenleaf on Evidence, sec. 103; Am. & Eng. Ency. of Law, 18, 262.) The prosecution did not prove the venue. There is no proof that the alleged offense was committed in Lassen county.

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

It was not necessary for the information to contain the name of the Indians. (Pen. Code, sec. 959, subd. 3.) The information, being drawn in the language of the statute, is sufficient. (Pen. Code, sec. 397; *People* v. *Rogers,* 81 Cal. 209; *People* v. *Forney,* 81 Cal. 118; *People* v. *Keeley,* 81 Cal. 210; *People* v. *Rozelle,* 78 Cal. 89; *People* v. *Fowler,* 88 Cal. 136; *People* v. *Russell,* 81 Cal. 616; *People* v. *Mahlman,* 82 Cal. 585; *People* v. *Savercool,* 81 Cal. 650; *People* v. *Naylor,* 82 Cal. 608; *People* v. *Tonielli,* 81 Cal. 275; *People* v. *Fick,* 89 Cal. 144; *People* v. *Harrold,* 84 Cal. 567, 570.) Selling liquor to two Indians by one act is one offense. (*People* v. *Milne,* 60 Cal. 71; Wharton's Criminal Pleading and Practice, 253; *Rex.* v. *Bykerdike,* 1 Moody & R. 179; Bishop's Criminal Practice, 570; *King* v. *Fuller,* 1 Bos. & P. 180.) There is no variance between the information and proof. The evidence shows conclusively the offense of selling to the two Indians by one act. The evidence as to whether the persons to whom the liquor was alleged to have been sold were Indians, was competent. (*People* v. *Monteith,* 73 Cal. 7; *People* v. *Sanford,* 43 Cal. 32; *People* v. *Lavelle,* 71 Cal. 352; *People* v. *Hong Ah Duck,* 61 Cal. 387; *People* v. *Loui Tung,* 90 Cal. 377.) Proof that an offense was committed in a particular city constitutes sufficient proof of venue. (*People* v. *Loui Tung, supra; People* v. *Etting,* 99 Cal. 577; *People* v. *Manning,* 48 Cal. 338; *People* v. *Tonielli, supra; People* v. *McGregor,* 88 Cal. 142; *Whiting* v. *Quackenbush,* 54 Cal. 306; *Whitney* v. *Ellsworth,* 92 Cal. 594.)

BRITT, C.—It is provided by section 397 of the Penal Code, as amended in 1893, that: "Every person who

sells or furnishes . . . . intoxicating liquors to any
Indian is guilty of a felony." Defendant in this case
was tried and convicted under an information charging
that he did, on August 17, 1895, at the county of Las-
sen, "willfully and unlawfully sell and furnish intoxi-
cating liquor, to wit, whiskey, to two Indians," contrary
to the form of the statute, etc. He contends on this ap-
peal that the information was not direct and certain as
to the offense charged, in that it failed to name the In-
dians to whom the liquor was furnished. The question
is not free from difficulty, and ·there is much conflict
among decisions on cognate subjects. Wharton states
the prevalent opinion to be that the name of the pur-
chaser need not be averred in an indictment for retailing
liquors without license, though he thinks that on prin-
ciple, supported by several cases, the name of the vendee
should be specified, if known, or the fact that he ·is un-
known should be alleged (Wharton's Criminal Law, sec.
1510); and Mr. Bishop, in guarded language, expresses
a similar view. (Bishop on Statutory Crimes, sec. 1037.)
The matter of legal reason involved is whether the offense
is charged with sufficiency of detail to enable the accused
to prepare for his defense, and to denote and character-
ize the transaction so that the judgment will operate as
a bar to a second prosecution founded thereon. (See
People v. McKenna, 81 Cal. 158.) The offense denounced
by the statute consists in furnishing intoxicating liquor
to " any Indian"—not to those of a special description,
as minors, habitual drunkards, etc; so that defendant
needed not be apprised of their names as a means of as-
certaining whether they belong to an interdicted class
of Indians; and, as to the use of the judgment as a bar
to another prosecution, since the identity of the offense
involved in a plea of former acquittal or conviction rests
ultimately in parol proofs, even when the indictments
are alike (People v. Lockwood, 6 Cal. 205, 1 Bishop's
Criminal Procedure, 816; Wharton's Criminal Evi-
dence, 593), we apprehend that little aid in this regard
would be furnished by designating the Indians by name;

especially as the names of California Indians are seldom a matter of notoriety among the white population. In *Commonwealth* v. *McClellan*, 101 Mass. 34, the defendant was charged with cruelly beating " a certain horse"; the court said: " Nor is it necessary to describe the horse particularly, for the sake of distinguishing it from other horses, in order to protect the defendant from a second prosecution for the offense. If he is again prosecuted for the offense, he may plead this conviction and establish the identity of the cases by evidence, the burden being on him." We think the present information must be considered sufficient.

Appellant argues that more than one offense is charged in the information, because he is thereby accused of furnishing liquor to two Indians, but, obviously, the act charged is single; just as when, by a single act, larceny is perpetrated of two or more coins or other chattels. (Wharton's Criminal Pleading, 254.)

It is claimed that on the trial there was a variance between allegation and proof, in that the evidence showed that the liquor was furnished, if at all, to one Indian only. Conceding to the exigence of the argument that such a variance would be material, we think none appears; the evidence tended to show that the two Indians were together in a barroom, and that one of them gave the defendant money with which he purchased a bottle of whiskey at the bar; both Indians repaired to a convenient rendezvous where defendant met them, and he there designedly placed the bottle within their reach, or delivered it into the hand of the one from whom he received the money; both then drank from the bottle, though not in defendant's presence. These facts, unexplained as they were, justify the inference that liquor was furnished to two Indians.

There is an objection that the venue of the offense was not proved. The evidence showed that it occurred at Susanville, and it is judicially noticed that Susanville is the county seat of, and situated within Lassen county. (*People* v. *Etting*, 99 Cal. 577.)

The judgment and order denying defendant's motion for new trial should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying defendant's motion for new trial are affirmed.

TEMPLE, J., McFARLAND, J., HENSHAW, J.