# COUNTY COURT—NIAGARA COUNTY,
## May, 1916.

### .THE PEOPLE   v.   MAY WARD.

(95 Misc. 508.)

CRIMINAL LAW—EVIDENCE INSUFFICENT TO CONVICT DEFENDANT OF BEING COMMON PROSTITUTE.

Where though police officers testify that the place where they arrested defendant, charged with being a common prostitute, had the reputation of being a disorderly house the evidentiary facts brought out on the trial are insufficient to prove either that she was such a character or that she had no lawful employment whereby to maintain herself, and there is not the slightest suggestion in the evidence that she made an indecent proposal or acted in a lewd or indecent manner, her conviction will be reversed and a new trial ordered.

APPEAL from a judgment of the Police Court of the city of Niagara Falls convicting the defendant of vagrancy in violation of section 887, Criminal Code, subdivision 4e.

*Angelo F. Scalzo*, for appellant.

*J. William O'Brien, Assistant District Attorney,* for respondent.

FISH, J.:

The information charges the defendant with being a common prostitute who has no lawful employment to maintain herself and then says "Vagrant, 887, Code, Sub. 4." Apparently the charge against the defendant was a violation of section 887, subdivision 4e, the applicable portion of which provides as follows: "The following persons are . vagrants   *   *   *

4. A person   *   *   (e) who is a common prostitute who has no lawful employment whereby to maintain herself.'"

Under this it was incumbent on the people to prov~ (1) that the defendant was a common prostitute; (2) that she had no legal employment whereby to maintain herself; and the question arises as to whether there was any evidence which would justify the judge in finding these two facts.

The only evidence on the part of the people was that of two police officers who testified that they went to 131 Eleventh street in the city of Niagara Falls about nine P. M., that there was a back door up stairs opening into the hallway of the second story of the place, that they looked through the key-hole of this door and saw a woman coming from a bedroom to a toilet next to this door carrying a basin of water, that there were a number of men in the room known as the dance hall which it appears was up stairs but just where with reference to this bedroom does not appear, that they then went to the front of the place, went into the barroom, asked the bartender to allow them to go up stairs, went up stairs finding about twenty men up there but no women, that they thereupon left returning about ten forty-five P. M., again went to the back door, looked through this keyhole, saw two men, two women and a large number of men, that one of them went around to the front door and the other entered by the back door and in the dance hall found the defendant there, " that she was not drinking or doing anything but standing there," and that she was dressed in a white shirt waist, black skirt and had slippers on, that one of them arrested her, she put on her hat and shoes and was taken to the station.   Each officer also testified that the place in question had the reputation of being a disorderly house.

These evidentiary facts are insufficient to prove either of the two ultimate facts which it was necessary for the people to establish before the defendant could be convicted.   A de-

fendant is presumed to be innocent and before conviction his guilt must be established beyond a reasonable doubt. So far as the evidence shows this defendant may have been in this place on an innocent mission. There is not the slightest suggestion that she made an indecent proposal or that she acted in a lewd or indecent manner. It is true she was found in a house which the police judge might have found was a disorderly house, assuming that evidence as to the reputation of the house was competent; but a disorderly house is not necessarily a house of prostitution and, even if it were, there is no evidence that she knew of the character of the house. People v. Meyer, 157 N. Y. Supp. 997. Furthermore, even if the defendant was a common prostitute, before she could be convicted it was necessary to go further and show that she had no lawful employment whereby to maintain herself; and there is not the slightest evidence to show that she had no such employment. A common prostitute is not necessarily a person who has no lawful means whereby to maintain herself. People v. Forbes, 4 Park. Cr. Rep. 611. In People v. Florence Bell, not reported, I had occasion to examine the subject and came to the conclusion that a common prostitute was a female who commonly engaged in the practice of indiscriminate sexual intercourse with men and that it was doubtful whether the element of gain was essential to constitute one a prostitute. Such a person might have a lawful employment during the day and still be engaged in prostitution at night.

Inasmuch as the district attorney claims that this was a bad place and the defendant undoubtedly guilty, I shall order a new trial to the end that the people may establish the defendant's guilt by competent evidence, if they can.

Judgment reversed and new trial ordered in County Court.