[Civ. No. 1952. Third Appellate District.—June 2, 1919.]

## THE PEOPLE, Respondent, v. LAURA E. LAINE et al., Appellants.

[1] RED-LIGHT ABATEMENT ACT—ACTION TO ABATE NUISANCE—PLEADING.—In a proceeding under the Red-light Abatement Act to abate a nuisance alleged to be in existence on the property of the defendants, an allegation in the complaint that "said premises were and now are used for purposes of lewdness, assignation, and prostitution" does not render the complaint amenable to the objection that it states different and distinct causes of action.

Such suit is not brought to abate acts of lewdness, and acts of assignation, and acts of prostitution, but is brought to abate a nuisance which is caused by the commission on said premises of acts of lewdness, assignation, and prostitution.

[2] ID.—GENERAL ACTS PRACTICED—PLEADING—PROOF—JUDGMENT.— In such a prosecution it is proper to charge that all said acts have been habitually practiced in the building complained of, and if it happens that the evidence is sufficient to show that only one of the three general acts is practiced therein and thus the premises have been maintained as a nuisance, a judgment condemning the property as such and enjoining its further use for that purpose may follow.

[3] ID.—CRIME CONSISTING OF SERIES OF ACTS—PLEADING.—Where a specific crime is by statute made to consist of all or one of a series of enumerated acts, the complaint or indictment may, without doing violence to good pleading or without misleading the accused, charge that the defendant committed the crime by doing all such acts.

[4] ID.—STATEMENT OF SPECIFIC ACTS UNNECESSARY.—In such a prosecution it is not necessary to set forth the specific acts of which the lewdness, assignation, or prostitution consisted or of the manner in which those general acts were committed and practiced.

[5] ID.—SALE OF LIQUORS WITHOUT LICENSE—EVIDENCE.—While in such a prosecution it is proper to show that intoxicating liquors were dispensed or sold to frequenters of the dance-hall on the premises and that the females there present not only drank such liquors, but solicited the male visitors to purchase the same for them, it is wholly unnecessary to bring out the fact, or attempt to do so, that the defendants sold liquors at the dance-hall without a municipal license authorizing them so to do.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. S. Butler, B. F. Van Dyke and White, Miller, Needham & Haber for Appellants.

Hugh B. Bradford, District Attorney, for Respondent.

HART, J.—The district attorney of Sacramento County filed in the superior court a complaint praying that the property at No. 223 L Street, in the city of Sacramento, be enjoined as a nuisance, by virtue of the provisions of the so-called "Red-light Abatement Act." (Stats. 1913, p. 20.)

The premises, which are owned by the defendant, Laura E. Laine, are occupied by defendant Charles F. Gibney as a dance-hall, where approximately thirty-five girls are employed. Judgment was entered in favor of plaintiff and directing that the building and premises be kept closed for one year, etc. The appeal is by defendants from said judgment.

It was charged in the amended complaint that "said premises were and now are used for purposes of lewdness, assignation, and prostitution, and upon said premises acts of lewdness, assignation, and prostitution were held and did occur, and said premises were and now are a nuisance under the laws of the state of California."

Defendants filed a demurrer to the amended complaint, in which, among other grounds, they specified that "in said amended complaint three causes of action are set forth and no one of them is so stated as to be sufficient to constitute a cause of action and said causes of action are mingled together and not separately stated, to wit": One charging lewdness, the second charging assignation, and the third charging prostitution. The demurrer was overruled, and appellants urge that this action of the court was erroneous.

It is also contended by appellants that the demurrer to the amended complaint should have been sustained on the ground that the facts constituting the alleged acts of lewdness are not set out in the complaint.

[1] The complaint is not amenable to the objection that it states different and distinct causes of action. Mr. Bradford, the district attorney, representing the respondent here, in his brief well answers the contention of the appellants upon that point as follows:

"The statute under which the action was brought is one for the abatement of nuisances; the thing aimed at is a nuisance. The cause of action here is the abatement of a nuisance alleged to be in existence on the premises of appellants. The action was not brought to abate acts of lewdness and acts of assignation, and acts of prostitution, but was brought to abate a *nuisance* which was caused by the commission on said premises of acts of lewdness, assignation, and prostitution. The fact that the court found that the nuisance was caused by acts of lewdness only does not

render the pleading faulty; it simply shows that more was alleged than could be proven.''

In other words, there is but one cause of action stated in the complaint, to wit, a public nuisance, committed, as the complaint alleges, by the habitual practicing upon and in the premises described of acts of lewdness, assignation, and prostitution. These terms have a definite, commonly understood meaning and are employed in the statute as they are so understood, and the statement in the complaint that the nuisance complained of consisted of the habitual practicing of either or all of those acts as they are generally designated or referred to in the statute is sufficient to set forth, in an intelligible, unambiguous, and readily understood manner, a cause of action under the statute.

[2] That it is proper to charge that all said acts have been habitually practiced in the building complained of, we have no doubt. Thus, if it happens that the evidence is sufficient to show that only one of the three general acts is practiced therein and thus the premises have been maintained as a nuisance, then a judgment condemning the property as such and enjoining its further use for that purpose may follow, rendering unnecessary the trouble, expense, and inconvenience of a new proceeding, as might be the case if it were requisite that the complaint should be confined in its charge to one of the three several acts of which the nuisance denounced by the abatement act may consist. The defendant or the party owning the building or maintaining the nuisance can suffer no disadvantage or cannot in the slightest measure be misled where the complaint charges that the nuisance has been maintained by the habitual commission in the building or on the premises of the three general acts designated by the statute as constituting such a nuisance. He can experience no possible difficulty in as readily and fully meeting and defending against the complaint where the three general acts are charged and but one is susceptible of establishment by the proofs as though one of the acts only were relied upon in the complaint to show the existence of the nuisance. Indeed, lewdness, assignation, and prostitution are acts so similar in nature that there can be but little difference in the general character of the evidence necessary to prove their existence.

[3] In criminal cases, even, it has repeatedly been held as to a certain class of cases that where a specific crime is by the statute made to consist of all or one of a series of enumerated acts, the complaint or indictment may, without doing violence to good pleading or without misleading the accused, charge that the defendant committed the crime by doing all such acts. For instance, in *People* v. *Harrold,* 84 Cal. 567, [24 Pac. 106], where the accused was charged with the crime of forgery and the indictment charged that he did "make, alter, forge, and counterfeit a certain bill of sale," etc., it was held that the indictment was not faulty because it charged that the crime was committed by the doing of the several acts any one or all of which will constitute forgery. The court in that case said: "Where a statute enumerates a series of acts, either of which, separately, or all together, may constitute the offense, all of such acts may be charged in a single count, for the reason that, notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute but one and the same offense." (See, also, *People* v. *Frank,* 28 Cal. 513; *Ex parte McCarthy,* 72 Cal. 384, [14 Pac. 96]; *People* v. *Faust,* 113 Cal. 172, [45 Pac. 261]; *People* v. *Epperson,* 38 Cal. App. 486, [176 Pac. 702].) There is no conceivable reason why this rule should be held any the less applicable to a case arising under the abatement act, which is not a criminal proceeding, notwithstanding that a judgment in the nature of a penalty may be entered therein. But, as above stated, the gravamen of the complaint here is the nuisance. That is the ultimate fact to be established, and it is proper to allege and prove it by showing any or all the acts constituting it.

[4] The objection that the allegation that "lewdness, assignation, and prostitution" were practiced in the building, in the absence of a description of specific acts of which the lewdness, assignation, or prostitution consisted or of the manner in which those general acts were committed and practiced, involves mere conclusions of the pleader and of law, is answered by the foregoing considerations. (See *House* v. *Meyer,* 100 Cal. 592, [35 Pac. 308]; *Talbot* v. *Ginocchio,* 18 Cal. App. 391, [123 Pac. 223]; *Ellis* v. *Central Traction Co.,* 37 Cal. App. 390, [174 Pac. 407]; *Doolittle* v. *McConnell,* 178

Cal. 697, [174 Pac. 305].)   Nothing further, therefore, need be said upon that subject herein.

The next and last assignment of error involves the action of the court in permitting the fact to appear in the record that intoxicating liquors were sold on the premises in question without a local license. This testimony resulted from the statement of the witness Grant that he purchased a bottle of liquor in the building on the occasion of his visit thereto, there being a bar maintained therein, and the denial of one of the defendants, Gibney, who conducted the place, that he ever sold or dispensed such liquors on the premises. The said defendant, in the first instance, said that there was a government (meaning federal government) license in the room where it was claimed liquor was sold. The district attorney then asked Gibney: "If you do not sell liquor, why do you have a government license?" to which the defendant replied that he was under the impression that he had seen a government license on the wall in a frame, but that he was not positive that it was such a license. The court thereupon asked the defendant if he had a city liquor license, to which he replied: "I do not know as regards to that."

The objection to that testimony was that it involved the introduction into the case of evidence tending to show that a public crime had been committed by defendant Gibney, and that such evidence had no tendency to prove that the premises as maintained were a nuisance under the abatement act; that, therefore, the testimony was not only irrelevant to the issue before the court but prejudicial in its effect upon the rights of the defendants.

[5] It was proper to show that intoxicating liquors were dispensed or sold to frequenters of the dance-hall and that the females there present not only drank such liquors but solicited the male visitors to purchase the same for them. In view of the fact that the testimony disclosed that both men and women frequented the place, and, although, in many instances, strangers to each other, indiscriminately intermingled with each other and indulged in free and easy or familiar and unbecoming conduct toward each other, evidence of the sale of intoxicating liquors in the dance-hall and the use thereof by female as well as male frequenters of the place tended, in some measure, to show the character

of the place and that lewdness was practiced therein. Enough is commonly known of the character of women to justify the statement that, where they have so far divested themselves of that personal pride and modesty which constitute one of the ruling characteristics of true womanhood that they will shamelessly indulge in intoxicating liquors in a public place with any and all men who may chance to visit such a place, it is reasonably probable that, under such circumstances, they and their male companions in the bacchanalian revelry would indulge in conduct involving gross acts of lewdness and immorality. Of course, evidence of the sale and use of liquor in such a place is by no means conclusive in proof of lewdness or other immoral conduct, but it is some proof, the probative force and effect of which is for the determination of the trial court and to be considered by it in connection with evidence of other relevant facts and circumstances. But it was wholly unnecessary to bring out the fact, or attempt to do so, that Gibney sold liquors at the dance-hall without a municipal license authorizing him to do so. The record, though, carefully examined, does not show that Gibney positively stated that he did not have such a license. He merely said that he could not answer as to that. Assuming, though, as well we may assume, that the fact that he could not say whether he had taken out a local license or not would justify the inference that he had no such license, since it would stand to reason that if he had such a license he would have known of it, still we cannot say that the bringing out of that fact resulted in a miscarriage of justice. There is an abundance of evidence in the record showing that acts of lewdness were committed in the place by both male and female frequenters thereof. Indeed, the evidence is so convincing in that particular that it would be most unreasonable to hold that the court below was in the slightest degree influenced in its decision by the mere fact, if it was a fact, that the defendant Gibney sold intoxicating liquors in the building in question here without legal authority to do so.

We may add that we have carefully read the very able briefs of counsel for the appellants and examined the cases and other authorities cited and relied upon as in support of the several points urged for a reversal, and that none of the cases cited is, in our opinion, strictly in point here. In

them the rules of correct pleading are discussed and ably expounded, but in none is there any expression which we conceive to be at cross purposes with the views herein expressed and the conclusion following therefrom.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1919.

All the Justices concurred.