[Civ. No. 1988.    Third Appellate District.—September 10, 1920.]

THE PEOPLE ex rel. BRADFORD, Respondent, v. VINCENT LAMBERT ARCEGA, Appellant.

[1] RED-LIGHT ABATEMENT ACT—APPEAL—PRESUMPTIONS. — An action founded on the "Red-light Abatement Act" is a civil case, and in considering an appeal on the judgment-roll alone, all presumptions and intendments will be indulged in support of the judgment, as in other civil actions.

[2] ID.—EXISTENCE OF NUISANCE AT COMMENCEMENT OF ACTION—SUFFICIENCY OF FINDING.—On an appeal from the judgment on the judgment-roll alone in an action under the Red-light Abatement Act, a finding that the building in question "was and now is a nuisance under the laws of the state of California," immediately following a finding that the building had been used for immoral purposes down to a certain specified date prior to the filing of the complaint, which was fifteen days, is to be construed as a sufficient finding of the existence of the nuisance at the time of the filing of the complaint, since it must be presumed there was evidence of such fact.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. A. Gett for Appellant.

Hugh B. Bradford, District Attorney, for Respondent.

HART, J.—The appeal is from the judgment on the judgment-roll alone.

The object of the action is to abate a nuisance alleged to have existed and been maintained in and on certain premises described as the west one-half of the east one-half of lot No. 3, in the block between Second and Third and L and M Streets, in the city of Sacramento, "and particularly the building known as No. 220 L Street."

The complaint alleges that the appellant, Arcega, was at all the times referred to in the complaint and is the owner of said premises and building; that certain fictitiously named females have and claim some interest in and upon said real property and are the owners of the furniture, fixtures, musical instruments, and other movable property situated in said building, "as relator is informed, believes and alleges"; that "on or for some time prior to the thirteenth day of September, 1917, and ever since that date, said premises were and now are used for the purposes of lewdness, assignation and prostitution, and upon said premises acts of lewdness, assignation and prostitution were held and did occur, and said premises were and now are a nuisance under the laws of the state of California."

The relief asked for is that the alleged nuisance be perpetually enjoined, that the furniture, etc., be removed from said premises and building and be sold as provided by law, and that the premises and building be closed against their use for any purpose for a period of one year.

The court, among other things, found: "That on and for some time prior to the thirteenth day of September, 1917, the building and property herein described was, during all of said time, used for the purposes of lewdness, assignation and prostitution, and the said building was and now is a nuisance under the laws of the state of California."

It will readily be observed that the action is founded on the "Red-light Abatement Act" (Stats. 1913, p. 20).

There are two points advanced by the appellant for a reversal, viz.: 1. That the complaint does not state a cause of action under the abatement act and is ambiguous and uncertain in certain specified particulars; 2. That the court failed to find upon the question whether the alleged nuisance existed at the time of the commencement of the action and that such failure renders the decree abortive.

¹ As to the proposition first above stated, the appellant makes the identical points which are made against the complaint, in *People* v. *Arcega*, action No. 2148, *post*, p. 239, [193 Pac. 264], wherein we this day filed an opinion holding that the assault upon that pleading possessed no legal force. The complaint in the present action being, *mutatis mutandis*, precisely the same as the complaint in said action No. 2148, it is only necessary to refer to the opinion in the latter case as a justification for the conclusion that the complaint herein assailed is not obnoxious to the objections raised against it by the appellant's demurrer thereto and his motion to strike out certain of the allegations thereof.

2. The contention of the appellant with regard to the second point is that, while the court directly finds that the building complained of herein was, on and for some time prior to the thirteenth day of September, 1917, "used for the purposes of lewdness, assignation and prostitution," there is no finding that the same was used for like purposes down to the time of the filing of the complaint, which was September 28, 1917, since, so the contention proceeds, the language immediately following that finding, to wit: "and the said building was and now is a nuisance under the laws of the state of California," is the only reference in the findings to the fact, if it was a fact, of the continuance of the nuisance to the time of the filing of the complaint and involves a conclusion of law and not a finding of fact. In support of that contention, appellant cites a number of cases, among which is the recent case of *People* v. *Goddard* (Cal. App.), 191 Pac. 1012.

In that case, the complaint in which was filed on the twenty-eighth day of September, 1917, the trial court, after finding that on and prior to the thirteenth day of September, 1917, the building there complained of was used for the purposes of prostitution, lewdness and assignation, and that "the said upper story of said building was and now is a nuisance under the laws of the state of California," further found that, before the filing of the complaint in said action the owner of the building caused the female inmates thereof to be evicted therefrom and closed said building to said females, and that "at the time of the filing of said complaint there was no tenant or other person whatever occupying said premises," but also found that "the removal

of the tenant from said premises was not made in good faith by said respondent for the purpose of abating said nuisance." We reversed the judgment upon the ground that it was not supported by the findings, holding also that there was no evidence to support the finding that the removal of the female inmates of the building by the owner, as found by the court, was not made in good faith or for the purpose of abating the nuisance. We further held that, if the finding that "the building was and now is a nuisance under the laws of the state of California" was to be treated and accepted as a finding of fact, said finding was in irreconcilable conflict with the finding that the female inmates of the building had been by the owner thereof, prior to the filing of the complaint in the action, removed therefrom and that no persons whatsoever were then occupying the building. Among other things, we said in the opinion in that case: "It is very clear that the finding that 'the upper story of said building was and now is a nuisance under the laws of the state of California,' *taken alone or by itself,* is a conclusion of law and does not involve a finding of fact; but, if it were deemed necessary to concede that, in the connection in which it is employed, it might justly be held to constitute a finding of an ultimate fact, it is nevertheless plainly manifest that it is wholly inconsistent with finding No. 5," which found that the women had been removed from the building. Thus far there is nothing in the opinion in the Goddard case from which it is to be inferred that it is therein held or that there was any intention of holding that the finding referred to, although, taken by itself, a conclusion of law, may not be used in such a connection as that it may properly be treated and considered as a finding of an ultimate fact. But, further on in the opinion, we also declared: "But we are still of the opinion that the alleged finding that the building 'now is a nuisance' is a conclusion of law, notwithstanding the connection in which it is used." It is this language of the opinion upon which counsel for the appellant lay special emphasis as supporting their position that such a finding or conclusion can under no circumstances be treated as a finding of fact. But it will be noted, on a careful reading of that language of the opinion, that we do not thereby say that such a conclusion may not, under some conceivable conditions, be considered as a finding of an ulti-

mate fact. We were merely pointing out that the purported finding that the building "is now a nuisance," etc., added nothing to and was in no manner aided by the initial portion of the finding of which it was a part to the effect that "on, and for a long time prior to the thirteenth day of September, 1917, the upper story of said building was used for the purposes of lewdness, assignation and prostitution," etc. Moreover, we showed in the opinion that there was no evidence in the record showing or tending to show that the nuisance denounced by the Abatement Act existed after the thirteenth day of September, 1917, other than any inference that might reasonably be afforded by the evidence that such a nuisance had been therein maintained prior and down to that date.

In the present case, the complaint alleges, as we have above shown, that the building in question was, "on or some time prior to the thirteenth day of September, 1917, *and ever since that date,* said premises were and *now are* used," etc.

[1] This is a civil case, and the rule as to this case is, therefore, the same as that which applies to other civil actions, namely, that, in considering an appeal on the judgment-roll alone, all presumptions and intendments will be indulged in support of the judgment; that the evidence supported the findings; that injury is no longer presumed from error but must be affirmatively made to appear. (*Myers* v. *Canepa,* 37 Cal. App. 556, [174 Pac. 903, 906]; *Ransome-Crummey Co.* v. *Bennett,* 177 Cal. 560, [171 Pac. 304]; sec. 4½, art. VI, Const.) In support of the judgment, it must be presumed, therefore, that there was evidence showing that the nuisance complained of remained unabated down to and at the time of the filing of the complaint. [2] In other words, we must view the record upon this appeal as though it contained such evidence and view and construe the findings in the light of that evidence; and, thus viewing the record, it is clear that the conclusion we are considering and the decree were justified by the evidence, and, therefore, the finding or conclusion that the building complained of "was and now is a nuisance under the laws of the state of California" may properly and should be considered as involving a finding of an ultimate fact. We should have so held in the Goddard case had the evidence disclosed, as presump-

tively it does in this case, that the nuisance was maintained and existed down to the filing of the complaint, particularly in view of the fact that the finding or conclusion referred to in the Goddard case, as it does in the present case, immediately followed and was connected with a direct finding that the building was used for the immoral purposes prohibited by the Abatement Act down to a certain specified date prior to the filing of the complaint. Such a holding in that case, though, would not have affected the result arrived at therein, since such a finding, as we pointed out in the opinion, would have been inconsistent with the finding that the nuisance had been abated by the owner prior to the filing of the complaint. As to the present case, we may add that, since we must presume that the evidence was amply sufficient to support the conclusion in question and to warrant the decree, no injury could or can result to the appellant from the ultimate conclusion arrived at in the court below as crystallized in the decree.

It is not to be understood that we approve the form of the finding under consideration. As in all other civil cases, there should be a direct finding upon every fact vital to the judgment, and legal conclusions in the findings, where direct findings can be made, should be avoided, although it is often true that certain findings essential to the support of a judgment may, in a sense, involve conclusions of law. This is frequently justifiably the case in pleadings. (*Ellis* v. *Central California Traction Co.*, 37 Cal. App. 390, 395, [174 Pac. 407]; *People* v. *Laine*, 41 Cal. App. 345, [182 Pac. 986].) However, the conclusion herein is that the court made a sufficient finding upon the fact of the continuance of the nuisance down to the date of the filing of the complaint.

The judgment is affirmed.

Nicol, P. J., *pro tem.*, and Burnett, J., concurred.