[Crim. No. 92.   Third Appellate District.—March 19, 1909.]

## Ex Parte E. J. KING, on Habeas Corpus.

CRIMINAL LAW—PLEAS OF "NOT GUILTY" AND "ONCE IN JEOPARDY"—PROPER VERDICT.—In a criminal case, where the defendant has interposed a plea of "not guilty," and also of "once in jeopardy," the verdict should cover both pleas.

ID.—IMPROPER JUDGMENT—REMEDY BY APPEAL.—Upon failure of the verdict to find upon both pleas, a judgment of conviction was improperly passed upon the defendant, and upon appeal it would be the duty of the appellate court to reverse it, and to order a new trial.

ID.—JUDGMENT NOT VOID—REMEDY BY HABEAS CORPUS INAPPLICABLE. The judgment of conviction not being void, but only voidable upon an appeal properly taken, the remedy by *habeas corpus* is inapplicable. It is settled law that a plea of "once in jeopardy" not passed upon by the verdict cannot be reviewed or inquired into on *habeas corpus.*

PETITION for a writ of *habeas corpus* to determine the legality of a conviction for misdemeanor in the Justice's Court of Union Township, Humboldt County.

The facts are stated in the opinion of the Court.

Selvage & Cutten, and W. Stingley, for Petitioner.

BURNETT, J.—Petitioner, charged with a misdemeanor, was tried and convicted in the justice court of Union town-

ship, Humboldt county, and was sentenced to serve a term of thirty days in the county jail. At the time of his arraignment he interposed the plea of not guilty and also, in appropriate phraseology, of ''once in jeopardy.'' The jury failed to find upon this latter plea and it was contended here by petitioner that the judgment of the court was void, therefore entitling him to his discharge on *habeas corpus.*

It is no doubt true that there should have been a verdict on each plea. (*People* v. *Kinsey,* 51 Cal. 278; *People* v. *Helbing,* 59 Cal. 567; *People* v. *Fuqua,* 61 Cal. 377.)

Hence, judgment was improperly passed upon defendant and upon appeal it would be the duty of the appellate court to reverse it and order a new trial. (*People* v. *Tucker,* 115 Cal. 337, [47 Pac. 111].)

But we have found no case, and we have been cited to none, holding that such a judgment is void upon its face and therefore assailable upon application for a writ of *habeas corpus.*

Indeed, it seems to be settled by authority, as stated in Church on Habeas Corpus, section 253: ''Neither will once in jeopardy be reviewed or inquired into on *habeas corpus.* If pleaded and disregarded, it is an error to be corrected by appeal.''

For the reason that the question is one of error and not of jurisdiction the application of petitioner could not be entertained, but as he was remanded at the hearing no further order is necessary.

Chipman, P. J., and Hart, J., concurred.