[Crim. No. 976. First Appellate District, Division One.—March 9, 1921.]

In the Matter of the Application of JOHN MARTIN for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—PLEA OF ONCE IN JEOPARDY—REMEDY OF PETITIONER.—If a person is being prosecuted for an offense for which he was once in jeopardy, he may upon the trial of the case plead such conviction and establish the identity of the cases by evidence, the burden being upon him, but he is not entitled to his release upon application for a writ of *habeas corpus*.

[2] ID.—CLAIM OF EXCESSIVE BAIL—APPLICATION FOR REDUCTION—NECESSITY FOR.—An application for a writ of *habeas corpus* upon the ground that the petitioner is being held to answer in the superior court on excessive bail will not be entertained by the appellate court, where it does not appear that he has made timely or any application to the superior court for a reduction of the amount.

APPLICATION for a Writ of Habeas Corpus. Writ denied.

---

1. Right to raise plea of former jeopardy in *habeas corpus* proceedings, note, 15 Ann. Cas. 327.

The facts are stated in the opinion of the court.

Raine Ewell for Petitioner.

THE COURT.—This is an application in behalf of John Martin for writ of *habeas corpus*.

On reading the petition for the writ in the first instance the court was of the opinion that an order for the writ should not issue, for the reason that it did not sufficiently appear from the facts stated that the petitioner was entitled to the relief sought. Permission was granted to file an amended petition, on filing and reading of which the court is of the opinion that the application should be denied.

Two points are presented for our consideration:

[1] If it be true, as alleged, that petitioner is being again prosecuted for an offense for which he was once in jeopardy, he may upon the trial of his case plead such conviction and establish the identity of the cases by evidence, the burden being on him. (*People* v. *Faust*, 113 Cal. 172, 176, [45 Pac. 261].)

[2] Petitioner also contends that he is being held to answer in the superior court of the city and county of San Francisco on excessive bail. If this be true, it does not appear that he has made timely or any application to the court below for a reduction of the amount. Until he has done so and been denied any relief, we do not feel that this court is in a position to entertain an application for a writ of *habeas corpus* on that ground.

The writ is denied.