[Crim. No. 1567. First Appellate District, Division One.—April 23, 1930.]

THE PEOPLE, Respondent, v. JACK HALL et al., Appellants.

Walter McGovern for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellants were charged by information with the crime of robbery. Each defendant pleaded guilty of the offense charged and they were sentenced to the state's prison for the period prescribed by law. On the

date set for the pronouncement of judgment, a hearing was had by the trial court under the provisions of section 1192 of the Penal Code, to determine whether the defendants were guilty of robbery in the first or second degree, as the charging language of the information did not allege facts sufficient to bring the offense definitely within the scope of the statute defining first degree robbery.

It appeared on the hearing that they had entered the office of a Dr. Long, and robbed him of the sum of $206 and other personal property. After committing the crime they tied their victim with a rope and departed. Appellant Russell was captured a few moments later and a revolver and blackjack were found upon his person, together with the stolen property. Appellant Hall was arrested shortly thereafter and he admitted to the arresting officers that he participated in the robbery and further that he was armed at the time with an automatic pistol loaded with seven bullets. Both defendants denied that they had exposed any deadly weapon during the commission of their act. At the conclusion of the hearing the court found both defendants guilty of robbery in the first degree.

Appellants claim that the trial court committed error in finding that they were armed with a dangerous or deadly weapon in perpetrating the offense to which they pleaded guilty, and that the crime committed by them was therefore robbery in the second degree. This contention is based upon the claim that the weapons were not exposed to the victim at the time of the perpetration of the crime. As above stated, the evidence showed that both defendants were armed with a revolver and that in addition thereto one of them was possessed of a blackjack. Whether or not they exposed these deadly weapons in order to carry out their criminal act is of no consequence. The fact that they had them in their possession available for immediate use is sufficient to bring the case within the statute. "Armed" with a dangerous weapon means furnished or equipped with weapons of offense or defense. (*State* v. *Lynch,* 88 Me. 195 [33 Atl. 978].) Section 211a of the Penal Code, which declares that "all robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon, is robbery in the first degree," does not require proof that there was an actual

assault upon the person with a deadly weapon, but only that the accused was armed with a dangerous or deadly weapon. (*People* v. *Seawright,* 72 Cal. App. 414 [237 Pac. 796].)

█ Appellants next complain of the admission in evidence of their extrajudicial confessions for the purpose of ascertaining their degree of crime without a showing first being made that such confessions were free and voluntary. █ The contention is without merit. No objection was made by appellants to this evidence, but even assuming that the burden was upon the prosecution to show that the confessions were freely and voluntarily made before they could be properly received, a hearing to determine the degree of crime, after a plea of guilty, is in no sense a trial. (*People* v. *Chew Lan Ong,* 141 Cal. 550 [99 Am. St. Rep. 88, 75 Pac. 186].) It is a mere investigation to determine the degree of guilt. █ Moreover, the so-called confessions as to the possession of the deadly weapons are mere admissions of acts of guilty conduct as they do not include all the elements of the crime. Defendants' pleas of guilty established the *corpus delicti.* █ It is only with respect to confessions, which are acknowledgments in express terms by a party in a criminal case, of the truth of the crime charged that the rule prevails that preliminary proof that they were voluntary must be made before they can be admitted in evidence. (*People* v. *Fowler,* 178 Cal. 657, 664 [174 Pac. 892].) There is no merit in the appeal.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 8, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 22, 1930.