[Crim. No. 4752.   Second Dist., Div. Three.   June 13, 1952.]

THE PEOPLE, Respondent, v. JEROME FREEDMAN, Appellant.

Jerome Freedman, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant was charged by information with six felonies: (1) Issuing a check without sufficient funds with intent to defraud W. McGann and others; (2) grand theft of an airline ticket from American Airlines, Inc.; (3) issuing a check without sufficient funds with intent to defraud Jack Williams and others; (4) grand theft of another airline ticket from Western Airlines, Inc.; (5) issuing a check without sufficient funds with intent to defraud Harriet Zweiler and others; (6) issuing a check without sufficient funds with intent to defraud Ione Mitchell and others. Defendant pleaded not guilty, and not guilty by reason of insanity, but withdrew his plea of not guilty. The issue of insanity was tried to a jury. Defendant was represented by counsel. Three psychiatrists were appointed by the court under section 1027 of the Penal Code to examine appellant as to his sanity and to report as to his mental condition. It was stipulated that written reports of two psychiatrists, Doctors Mitchell and Hacker, and letters which they had written to the trial judge, could be read to the jury as though the doctors were present in court and testifying personally. Defendant was found to be sane, his motion for new trial was. denied and he was sentenced on each count for the term prescribed by. law, the sentences to run concurrently. He ap-

peals from the judgment and from the order denying his motion for new trial.

The reports and letters of Doctors Mitchell and Hacker were read to the jury. Defendant is 44 years of age. He has had a varied career and considerable trouble. In 1950 he served a 90-day jail sentence as a condition of three years' probation after conviction of grand theft. In November, 1950, he suffered a serious head injury and was hospitalized for several weeks, following which he developed a partial paralysis of the left side and limb muscles. Later, in an accident, he suffered a cerebral concussion. He had an unfortunate marriage in 1938 and later got into trouble writing checks upon the account of a business in which he had been engaged. He made good these checks, which amounted to five or six thousand dollars. In January, 1951, he cashed checks at the May Company on Wilshire Boulevard and two checks at airlines companies for tickets. He testified that he could not recall these incidents and that he recovered his memory in Havana, when he found himself without luggage but with a ticket to Miami and two dollars. He was arrested while visiting his family in Richmond, Virginia.

Dr. Mitchell concluded that the facts indicated that defendant had had a period of mental disturbance, but that he was aware of the nature of right and wrong, that he was legally sane at the time of the alleged offenses and at the time of trial. Dr. Hacker's report was substantially the same as that of Dr. Mitchcell. His conclusion as to sanity was the same.

Defendant testified in his own behalf. His testimony confirmed the opinions of the doctors that he is above the average in intelligence and is possessed of a good memory, although the subject of many unfortunate experiences and occasional spells of mental instability.

Defendant has written his own briefs. ■ His contention that the medical testimony established his insanity at the time the offenses were committed is not sustainable. It did prove that he had had periods of mental and emotional instability, as did his own testimony, but it was a reasonable conclusion from the evidence that he was not legally insane when he committed the offenses or at the time of trial. Defendant specifies alleged errors committed in the course of the proceedings, most of them connected with the receipt of the expert testimony, all of which was received under stip-

ulation and without objection. There was no error in the course of the trial.

Defendant makes the further point that he was improperly convicted of two offenses in two instances. He issued two checks with insufficient funds and thereby acquired two airline tickets. He was convicted of two offenses of issuing bad checks and two offenses of grand theft of the tickets. He claims he has been convicted of two offenses in each of these check transactions, and that each transaction constituted a single offense.

Section 654 of the Penal Code reads as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . ."

The offense of issuing a check without sufficient funds is complete when the check is issued with intent to defraud, even though no one is defrauded thereby. (Pen. Code, § 476a; *People* v. *Cortze,* 108 Cal.App. 111 [290 P. 1083].) Grand theft is a separate offense (Pen. Code, § 484), which involves the element of loss or detriment. The former offense may be committed without committing the latter. The grand thefts were not committed by the same acts as were the offenses of issuing the checks. It is the singleness of the act which determines whether section 654 applies. (*People* v. *Knowles,* 35 Cal.2d 175, 187 [217 P.2d 1]; *In re Horowitz,* 33 Cal.2d 534, 545 [203 P.2d 513].) Obtaining the airline tickets were acts separate from the issuance of the checks with intent to defraud. Section 654 has no application.

The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.