[Crim. No. 5588.   In Bank.   Sept. 8, 1954.]

In re JACK CHAPMAN, on Habeas Corpus.

386

Al Matthews for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SCHAUER, J.—Petitioner was convicted of one count of first degree robbery (count I of the information) and one count of assault with force likely to produce great bodily injury (count III of the information); the trial court ordered that the sentences on the two counts run consecutively. Petitioner appealed, and the District Court of Appeal affirmed the judgment of conviction. (*People* v. *Chapman* (1949), 91 Cal.App.2d 854 [206 P.2d 4].) Thereafter, the superior court denied a petition for a writ of error *coram nobis* and petitioner's appeal from the order of denial was dismissed by the District Court of Appeal. (*People* v. *Chapman* (1950), 96 Cal.App.2d 668 [216 P.2d 112].) In the pending proceeding the petition for a writ of habeas corpus was originally pre-

sented to the District Court of Appeal and that court issued an order to show cause why the writ should not issue. Such order to show cause, together with the petition for the writ and the demurrer and answer thereto of respondent Superintendant of the Medical Facility of the Department of Corrections, are now before us by reason of the transfer of the cause to this court.

By his petition for a writ of habeas corpus petitioner contends, in effect, that his conviction and sentence on count III of the information are beyond the jurisdiction of the court and void, or are at least "invalid," and he asks that this court reach and declare a conclusion to that end so that the commitment upon which, among other things, the Adult Authority will act in fixing his term of imprisonment and eligibility for parole will not contain the second conviction and sentence. Petitioner grounds his contention on the proposition that it appears as a matter of law that the force likely to produce bodily injury constituting the basis of the assault charged in count III is the same force which was used in committing the robbery which is charged in count I. We have concluded that on the factual showing petitioner has failed to establish that he was not properly convicted and sentenced on both counts I and III.

The demurrer of respondent Superintendent of the Medical Facility of the Department of Corrections to the petition is on the ground that, since petitioner has not yet completed the concededly proper sentence on count I, he fails to state grounds for any relief. The demurrer is not well taken on that ground; petitioner does not seek release now; he seeks to have the assertedly invalid judgment on count III removed from consideration by the Adult Authority as one basis for its action in fixing his term of imprisonment and eligibility for parole. (See *In re Seeley* (1946), 29 Cal.2d 294, 302-303 [176 P.2d 24]; *In re McVickers* (1946), 29 Cal.2d 264, 269, 281 [176 P.2d 40].)

Count I of the information charges robbery committed as follows:

"ROBBERY OF THE FIRST DEGREE, In that, on or about the 2nd day of April, 1948, . . . defendants, Jack Chapman and Donald A. Larios, while armed with a dangerous and deadly weapon, to-wit: a revolver, did wilfully . . . take from the person and immediate presence of one Jim Gulley, personal property, to-wit: Seventy-five ($75.00) dollars . . . and . . . said taking was then and there accomplished, aforesaid, by

the said defendants, by means of force used by said defendants upon and against the said Jim Gulley, and by said defendants then and there putting the said Jim Gulley in fear.''

Count III identifies the offense charged as follows:

''ASSAULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY in that, on or about the 2nd day of April, 1948, . . . defendants, Jack Chapman and Donald A. Larios, did wilfully, unlawfully and feloniously assault one Jim Gulley, a human being, by means of force likely to produce great bodily injury.''

Petitioner insists that the evidence introduced at the trial shows that the acts relied upon to constitute the assault were the same as those relied upon to constitute an essential element of the robbery. The victim, Gulley, testified that he and petitioner drove together into the country with codefendant Larios following them in another car. Gulley said he wanted to drive. Petitioner stopped the car, got out, consulted with Larios who had parked behind them, and then showed Gulley a gun and told him, ''This is a holdup.'' Petitioner directed Gulley to hand over his wallet and put his loose change on the ground. Gulley did as he was told; then he started to run away. Larios tackled him and petitioner hit him over the head with his gun. Petitioner asked Gulley why he had run and said, ''I ought to blow your guts out.'' Gulley was then compelled to remove his boots and the two robbers departed. Larios corroborated, substantially, Gulley's testimony. According to Larios, after Gulley had been tackled and hit on the head, petitioner demanded the rest of his money and when Gulley replied that he did not have any more, petitioner accused him of lying and said, ''I ought to shoot your guts out.''

Section 654 of the Penal Code provides, ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other . . .'' This section prohibits the double punishment of an accused when he has committed but a single act even though such act violates two or more separate sections of the Penal Code. (*People* v. *Smith* (1950), 36 Cal.2d 444, 448 [224 P.2d 719].) If the force relied upon to establish the robbery is the same which is required to prove the assault, then petitioner is being punished twice for the

same act contrary to section 654 of the Penal Code, but if it is not the same then the two convictions and sentences can stand.

In *People* v. *Logan* (1953), 41 Cal.2d 279 [260 P.2d 20], the record disclosed that the defendant slipped up behind the victim, hit her with a baseball bat and snatched her purse; this court held (p. 290) that as "the striking of the victim with the baseball bat and the taking of her purse constituted a single, indivisible transaction," the "one act of inflicting force with the bat cannot both be punished as assault with a deadly weapon and availed of by the People as the force necessary to constitute the crime of robbery." ■ In the case at bar, however, petitioner perpetrated the robbery while armed with a deadly weapon with which he menaced the victim and obtained from him a sum of money through thus placing him in fear; after the victim had laid the money down, he started to run away, Larios tackled him and petitioner then struck him with the weapon. Respondent superintendent properly contends that under the circumstances shown the pursuit of the victim and the striking of him with the weapon constituted a separate crime of assault with intent to commit great bodily harm. ■ As respondent argues, to constitute first degree robbery it is necessary only that the accused be armed with a deadly weapon and that he take the property of another from his person against his will "by means of force or fear" (Pen. Code, §§ 211, 211a; see also *People* v. *Hall* (1930), 105 Cal.App. 359, 361 [287 P. 533]); if after the robbery is accomplished the robber beats the victim with the weapon, he is guilty of the separate crime of assault by means of force likely to produce great bodily injury.

■ As held in the Logan case, *supra*, if there is but a single act of force proved as an essential element of the crime of robbery then such act of force cannot also be availed of as constituting a separate crime and only one punishment may be had. ■ The applicability of section 654 depends upon whether a separate and distinct act can be established as the basis of each conviction. (*People* v. *Knowles* (1950), 35 Cal.2d 175, 187 [217 P.2d 1].) Multiple convictions have been affirmed in cases in which separate and divisible acts have been proved as the basis of each conviction even though those acts were closely connected in time and were part of the same criminal venture. (See *People* v. *Coltrin* (1936), 5 Cal.2d 649, 660 [55 P.2d 1161]; *People* v. *Slobodion* (1948),

31 Cal.2d 555, 561-563 [191 P.2d 1]; *People* v. *Pickens* (1923), 61 Cal.App. 405, 407 [214 P. 1027]; *People* v. *Freedman* (1952), 111 Cal.App.2d 611, 614 [245 P.2d 45].) ▮ It is only when the two offenses are committed by the same act or when that act is essential to both that they may not both be punished. (See *People* v. *Clemett* (1929), 208 Cal. 142, 144 [280 P. 681]; *People* v. *Greer* (1947), 30 Cal.2d 589 [184 P.2d 512]; *People* v. *Kehoe* (1949), 33 Cal.2d 711, 713 [204 P.2d 321]; *People* v. *Knowles* (1950), *supra,* 35 Cal. 2d 175, 187; *People* v. *Logan* (1953), *supra,* 41 Cal.2d 279, 290.) ▮ Here, since a reasonable construction of the evidence warrants a finding that there was a *threat of force* sufficient to put the victim in fear and that he was put in fear and the robbery thereby accomplished, and since such threat of force is different from the actual application of force relied upon to establish the assault charged in count III, both offenses may be punished.

In view of our conclusion that the evidence supports the implied finding that the robbery, upon which the count I conviction stands, was accomplished through putting the victim in fear by a threat of force, and that there was a later and different actual application of force which constitutes the basis for the count III conviction, we do not need to consider the contention, implicit in petitioner's argument, that the sentence on count I exhausted the jurisdiction of the court in the premises. (See, e.g., *In re Application of O'Connor* (1927), 80 Cal.App. 647, 653 [252 P. 730]; *In re Harron* (1923), 191 Cal. 457, 466 [217 P. 728]; see also *In re Collins* (1907), 151 Cal. 340, 351 [90 P. 827, 91 P. 397, 129 Am.St. Rep. 122]; *Ex parte King* (1909), 10 Cal.App. 282 [101 P. 810]; *Ex parte Hartman* (1872), 44 Cal. 32, 35; *In re Martin* (1921), 51 Cal.App. 706, 707 [197 P. 365]; *In re Burns* (1947), 78 Cal.App.2d 294, 307 [177 P.2d 649]; *People* v. *Chessman* (1947), 38 Cal.2d 166, 193 [238 P.2d 1001]; *People* v. *Amick* (1942), 20 Cal.2d 247, 251 [125 P.2d 25].) ▮ Whether the evidence accepted by the trier of fact shows petitioner guilty of one crime or of two is in part a factual question. "It is, of course, an established rule that habeas corpus may not be used instead of an appeal to review determinations of fact made upon conflicting evidence after a fair trial. [Citations.] ▮ Likewise, the writ is not available to correct errors or irregularities relating to ascertainment of the facts when such errors could and should have been raised by appeal. [Citations.]" (*In re Dixon* (1953),

41 Cal.2d 756, 760 [264 P.2d 513] ; see also *In re McInturff* (1951), 37 Cal.2d 876, 880 [236 P.2d 574].)

For the reasons above stated, the demurrer to the petition is overruled, the order to show cause is discharged, and the petition for habeas corpus is denied.

Shenk, Acting C. J., Carter, J., Traynor, J., and Dooling, J. pro tem.,* concurred.

EDMONDS, J., and SPENCE, J.—We concur in the judgment that the petition for habeas corpus should be denied.

*Assigned by Chairman of Judicial Council.