Donald Ray **BUCHANAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15947.**

Court of Criminal Appeals of Oklahoma.
Nov. 10, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

DECISION AND OPINION

BRETT, Judge:

Plaintiff in Error, Donald Ray Buchanan, hereafter referred to as defendant, was tried and convicted for the offense of

Shooting With Intent to Kill, After Former Conviction of a Felony, in case number CRF–69–175, in the District Court of Tulsa County, Oklahoma. Defendant was found guilty in the first-stage of his trial for the offense charged; and in the second-stage of his trial, the jury assessed his punishment at not less than one hundred (100) years, nor more than three hundred (300) years imprisonment. Judgment and sentence was imposed May 2, 1969; and from that judgment and sentence this appeal has been perfected by the Public Defender for Tulsa County.

The facts from which this offense arose, briefly stated, are: Tulsa Police Officer Chisum, a member of the police patrol division, was dispatched to the vicinity of the Oklahoma Osteopathic Hospital in Tulsa, to assist in the apprehension of a man on foot about 2:30 A.M., January 17, 1969. The officer observed the defendant walking along the sidewalk and pulled his police car along the curb, got out of the vehicle and proceeded to inquire of the man concerning where he was going. The officer related that the man turned in response to his inquiry, and stated he was going over here, walking toward the officer. The defendant walked toward the officer until he was about four feet from him, stuck his right hand in his pocket and proceeded to pull out a pistol. The officer saw the weapon, grabbed defendant's wrist and a struggle ensued. When the pistol cleared the defendant's pocket, during the struggle, a shot was fired without striking either man. The officer then gained control of the defendant.

Police officer Harper, who was also patrolling the vicinity, heard the pistol shot and proceeded to the location where the struggle was taking place. He testified that when he arrived, Officer Chisum had the defendant under control and was proceeding toward the police car. Officer Paul Jarrett also testified that when he returned to the police station about 2:45 A. M. he saw the defendant facing the wall; and he heard one of the officers present

state to Officer Chisum that he was lucky to be alive; after which he heard the defendant say, "If the Goddamned gun hadn't jammed you'd be a dead cop."

The defendant did not testify, nor did he offer any testimony in his own defense. Defendant had earlier filed a motion to suppress, but after an evidentiary hearing was had outside the presence of the jury, the motion was withdrawn.

Defendant argues four propositions in his brief, summarized as follows: That the trial court erred in giving an instruction on "Good Time Credits;" that the sentence imposed constitutes double punishment under the provisions of Title 21 O.S. § 23; that defendant was denied a fair trial because of improper argument of counsel; and fourth, that the punishment is excessive.

Defendant's first proposition is well taken. This Court has held the giving of an instruction on the "Good Time Credits" allowed a prisoner in the State Penitentiary is error; but that such instruction is not reversible error; and when it is given the sentence will be subject to modification. Williams v. State, Okl.Cr., 461 P.2d 997 (1969).

In his second proposition defendant asserts that he is being subjected to double punishment under the provisions of 21 O.S.1961, § 23 [now codified as 21 O.S. Supp.1970, § 11]. He bases his argument on the theory that because the testimony of his arrest and struggle with Officer Chisum was introduced at his trial for armed robbery, that such precludes his being tried on this offense; and that the two offenses were in fact one transaction. We do not accept this theory, under the facts of the two cases.

In his appeal to this Court, Buchanan v. State, 483 P.2d 1180 (1971), this same defendant, on the evening of January 16, 1971, had been involved with another man in the robbery of a jewelry store in Tulsa, Oklahoma; after they locked all the persons present in the store at the time in the store vault, both men escaped. Later, the

other man was apprehended in his car, which was stuck in the mud, but the defendant had departed the vehicle on foot, so the alarm was dispatched to look for a man on foot. This was the dispatch which sent Officer Chisum to the hospital vicinity, and occurred several hours after the robbery had taken place. Defendant and the other man had gone to the home of Roy Beaird after the robbery wearing several rings on their fingers, and gave Beaird jewelry, cigarette lighters and watches. They departed Beaird's home, got stuck in the mud, and later defendant returned seeking Beaird's help to get the stuck vehicle out of the mud. When the first police unit arrived at the scene, defendant had departed, but the other man and Beaird were still there. They were arrested and questioned, while the search for the defendant continued.

Consequently, because of several factors which transpired we do not accept defendant's theory of one single transaction. The robbery took place several hours prior to the incident with which we are concerned. Time, place, circumstances and objective prevent this incident from being considered as part of the armed robbery. The fact that some of the testimony was introduced at defendant's trial for armed robbery does not preclude its being admissible in this trial. Two separate and distinct criminal acts had been committed not related one to the other in any manner, except that this defendant was involved in both criminal acts. Defendant cites People v. Ridley, 63 Cal.2d 671, 47 Cal.Rptr. 796, 408 P.2d 124 (1965), to support his position, but in Ridley's case the elements of time and place were the same. The robbery and assault were committed almost at the same time in Mike's Loan and Sales Company. The assault with intent to kill occurred because the proprietor Bennett tried to knock the gun out of the hand of Ridley's accomplice, Moore; Moore then shot Bennett several times, after which they both fled.

In Ryan v. State, Okl.Cr., 473 P.2d 322, this Court denied the single transaction theory because of the time and location factors, but the instant case is even more distinguishable than was Ryan's case.

Defendant also cites Neal v. State, 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839 (1960), in support of his contention. In Neal, the defendant threw gasoline into the bedroom of Mr. & Mrs. Raymond and ignited it. The Raymonds were severely burned. Neal was convicted on two charges of attempted murder in which the sentences were made to run consecutively; and one charge of arson, with the sentence running consecutively. Neal made a collateral attack on the sentences asserting that he was punished three times for a single act. The California Court held that the act of arson was the means by which the attempt to murder was accomplished, and therefore, the arson conviction came within the statute preventing multiple charges arising out of one single transaction. In that decision the California Court stated:

"It is the singleness of the act and not of the offense that is determinative." at page 843 of 357 P.2d.

\* \* \* \* \* \*

"Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 [California Statute] depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." at pages 843–844 of 357 P.2d.

Discussing the matter of single transactions further in Neal v. State, supra, that Court cited In re Chapman, 43 Cal.2d 385, 387, 273 P.2d 817 which concerned an assault and robbery, in which the Court held that the defendant could be convicted of either the assault, or the robbery, but not for both, for the reason the objective of both offenses was the same; and stated the following, which is essentially the facts of the case being considered herein:

" \* \* \* when the assault is not a means of perpetrating the robbery but is

an act that follows after the robbery is completed the defendant is guilty of two punishable acts." at page 844 of 357 P. 2d.

Consequently, by his own citation of authority defendant provides the distinguishing feature between this case and those cited to support his proposition. We therefore deny defendant's contention of a single transaction.

▮ Concerning defendant's third proposition, we have reviewed the prosecutor's closing argument and conclude that those remarks were not sufficient to prevent defendant from receiving a fair trial. The conviction about which the prosecutor was commenting, in his closing argument in the second-stage of the proceedings, was one of the prior convictions listed on the second sheet of the information. And even if such remarks were as prejudicial as defendant contends, they would not have prevented defendant from receiving a fair trial because the remarks were made in the second-stage of the proceedings.

Defendant's fourth proposition, that the punishment is excessive, may be coupled with his first one complaining about the good time credits instruction. This Court held in Williams v. State, supra, that instruction to be improper, as stated hereinbefore. Likewise, considering that the evidence of defendant's guilt is overwhelming in this case, and that a retrial on the same evidence would provide the same results finding the defendant guilty, the ends of justice will be better served by modifying the sentence herein.

▮ We are therefore of the opinion the sentence herein should be modified to an indeterminate sentence of not less than twenty-five (25), nor more than seventy-five (75) years imprisonment in the State Penitentiary, and as modified the judgment and sentence is affirmed. Modified and affirmed.

BUSSEY, P. J., concurs.