Filed 4/25/14  P. v. Diaz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLOS ADRIAN DIAZ,<br><br>Defendant and Appellant. | F064090<br><br>(Super. Ct. No. VCF225602A)<br><br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT]** |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO CISNEROS,<br><br>Defendant and Appellant. | F064366<br><br>(Super. Ct. No. VCF225602B |

**THE COURT:**

It is ordered that the opinion filed herein on April 17, 2014, be modified in the following particulars:

On page 17, following the fourth paragraph commencing "The record reflects," the following paragraphs are inserted:

The same analysis is equally applicable to Diaz's sentencing.  At the time of sentencing, Diaz failed to request the trial court to state its reasons for

consecutive sentencing. This failure to object constitutes a forfeiture of the issue. (*People v. de Soto, supra,* 54 Cal.App.4th at pp. 8-9.)

Regardless, there was no ineffective assistance of counsel in this regard. As we noted, at the time of Diaz's sentencing, there was considerable discussion and argument about whether concurrent or consecutive sentences should be imposed. Clearly, the trial court was aware of its discretionary power to impose consecutive or concurrent terms; Diaz's counsel argued for concurrent terms; and instead the trial court exercised its discretion to impose consecutive terms. On this record, Diaz cannot establish that he would have received a more favorable result and, consequently, he cannot establish prejudice. (*Williams v. Taylor, supra,* 529 U.S. at pp. 391, 394.) Absent prejudice, there can be no ineffective assistance of counsel. (*Jackson, supra,* 3 Cal.4th at p. 604.)

There is no change in the judgment.

Appellant Carlos Adrian Diaz's petition for rehearing is denied.

_____
CORNELL, Acting P.J.

WE CONCUR:


_____
GOMES, J.


_____
DETJEN, J.

2.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS ADRIAN DIAZ,<br><br>    Defendant and Appellant. | F064090<br><br>(Super. Ct. No. VCF225602A)<br><br><br>**OPINION** |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEJANDRO CISNEROS,<br><br>    Defendant and Appellant. | F064366<br><br>(Super. Ct. No. VCF225602B |

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Cheryl Rae Anderson, under appointment by the Court of Appeal, for Defendant and Appellant Carlos Adrian Diaz.

Kim Malcheski, under appointment by the Court of Appeal, for Defendant and Appellant Alejandro Cisneros.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury convicted appellants Carlos Adrian Diaz and Alejandro Cisneros of attempted murder and carjacking and found several enhancements true. They challenge the convictions and the true findings on multiple grounds. They also contend the trial court erred in multiple respects at sentencing. We agree with some, but not all, of their contentions. As a result, we will affirm the convictions on the substantive offenses, strike some of the true findings on the enhancements, and remand for resentencing.

## FACTUAL AND PROCEDURAL SUMMARY

We will focus our summary on the facts necessary for the resolution of the issues raised here.

On December 13, 2008, Samuel Topete met up with Cisneros at a friend's house in Strathmore. Topete was driving his girlfriend's white Cougar. At the friend's house, Topete, Cisneros and Alex Marquez passed the afternoon drinking and smoking marijuana. Eventually, Diaz joined the other men.

Sometime later all the men left in the white Cougar and headed to Tulare, where they drove around. They ended up at a party for a while and then Topete, Cisneros, Diaz and others left the party, with Topete driving. Topete drove to a combination gas station and convenience store where he intended to fill up with gas and buy more beer. Topete got out of the car to pay for the gas and buy the beer. When he returned, he noticed a car with special rims pull up and park. Diaz and Cisneros got out of the Cougar and headed toward the car.

2.

Derrick Little was the driver of the 1988 Fleetwood Cadillac Coupe that Topete had noticed. The car had a custom grill and custom rims and tires. The car also had a custom sound system that Little was playing loudly as he drove into the parking lot. Little stopped in the area by a phone booth and opened his door, leaving his engine running. He intended to "hop out" long enough to hand an acquaintance a few dollars.

Before Little could leave the car, Cisneros and Diaz approached him and one of them, probably Diaz, stated, "we're going to take this fucking car." As Little started to argue, Cisneros slid into the car.

Little struggled with Cisneros, while Diaz was outside the car "hitting" Little from behind; the hits were stab wounds. Suddenly, Cisneros pulled out a gun and tried to point it at Little; Little deflected the gun, but did not touch it. The gun went off and a bullet went through the roof of Little's car. Because he was unarmed, Little decided to back away from Cisneros. When he did so, he turned and Diaz stabbed him in the chest.

Cisneros drove off alone in the Cadillac. Diaz was unable to get inside the passenger side of the Cadillac because the door was locked, so he ran back to Topete's car. Topete followed the Cadillac. Topete flagged down Cisneros, who stopped, and Topete told Diaz he had to get out of his car. Diaz got out of the Cougar and climbed into the Cadillac with Cisneros.

The attack left Little with three knife wounds and a punctured lung and artery, as well as a number of surgical scars from the multiple procedures he underwent during a month-long hospital stay. At the time of trial, Little still suffered from limited mobility in his right arm.

At the hospital, Detective James Haney attempted to interview Little. Little identified Cisneros from a photo lineup, but he was heavily sedated. Haney met with Little again after he was released from the hospital. Little confirmed his identification of Cisneros as one of his assailants; he also identified Diaz as the second assailant from a photo lineup.

Haney also interviewed Topete, who told him about the events of December 13, 2008. Haney contacted Cisneros, who denied knowing Topete and denied any involvement in the attack on Little or the taking of the Cadillac.

Before being taken into custody, Cisneros had told Joel Ornelas that he needed a place to stay because law enforcement was looking for him. When Ornelas asked why, Cisneros admitted shooting at a man who tried to stop him from taking his Cadillac. Cisneros also admitted abandoning the Cadillac in a field between Strathmore and Lindsay, where it was later found.

Once he was taken into custody, Cisneros admitted he knew Topete and had gone to Tulare with him on December 13, 2008; he did not admit to any other actions. Haney also arrested Diaz.

On December 18, 2009, an information was filed against Cisneros and Diaz. On February 15, 2011, Cisneros filed a motion pursuant to *People v. Pitchess* (1974) 11 Cal.3d 531 (*Pitchess*) seeking Haney's personnel records. Diaz joined in the motion. After an in camera review, the trial court ordered certain records turned over to the defense.

On August 18, 2011, an amended information was filed. Cisneros was charged with attempted murder (count 1), carjacking with use of a deadly weapon (count 2), shooting at an inhabited dwelling (count 3), shooting from a motor vehicle (count 4), and the substantive offense of active participation in a criminal street gang (count 5). Diaz was charged with attempted murder and carjacking with use of a deadly weapon. It also was alleged that the attempted murder was committed willfully, deliberately, and with premeditation. Numerous enhancements also were alleged, including that Cisneros personally used and discharged a firearm and that Diaz inflicted great bodily injury.

Officer Jesus Guzman testified as a gang expert. Guzman opined that Cisneros and Diaz were "Northern" gang members at the time of the attack on Little.

Diaz testified in his own defense, denying any involvement in the attack on Little.

4.

On September 6, 2011, the jury convicted Diaz of attempted murder and carjacking with use of a deadly weapon and returned true findings that the attempted murder was premediated and deliberate (Pen. Code, §§ 664, 187, subd, (a)),[1] a principal personally discharged a firearm (§ 12022.53, subd. (c), (e)(1)), a principal was armed with a firearm (§ 12022, subd. (a)(1)), personal use of a knife (§ 12022, subd. (b)(1)), and inflicting great bodily injury (§ 12022.7, subd. (a)). The jury was unable to reach a finding on the gang enhancement as to Diaz.

Cisneros also was convicted of attempted murder and carjacking with use of a deadly weapon, with true findings on the same allegations, except as to the premeditated and deliberate special allegation and the great bodily injury enhancement. Again, the jury was unable to reach a finding on the gang enhancement. Cisneros also was found guilty of the substantive gang offense. Cisneros later filed a motion to dismiss the gang enhancements under section 186.22, subdivision (b), which the trial court granted.

On December 7, 2011, the trial court sentenced Diaz to an indeterminate life term on the count 1 offense, plus 25 years for the weapons and great bodily injury enhancements. On count 2, Diaz was sentenced to a consecutive term of nine years for the substantive offense, plus 22 years for the weapons enhancements, and an additional three years for the great bodily injury enhancement.

The trial court sentenced Cisneros on February 8, 2012. It imposed a total term of 38 years calculated as follows: seven years for attempted murder, 20 months for carjacking, 20 months for the gang offense, and 27 years eight months for the weapons enhancements.

Diaz and Cisneros separately appealed, and we ordered the two appeals consolidated on September 14, 2012.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

## DISCUSSION

Diaz and Cisneros raise multiple issues, together and separately. Both Diaz and Cisneros (1) challenge the imposition of the section 12022.53 weapon enhancement, (2) contend section 654 applies to stay imposition of punishment for the carjacking offense, (3) ask this court to conduct an independent review of *Pitchess* materials, and (4) request that errors in the abstracts of judgment be corrected.

Diaz separately (1) challenges the premeditated and deliberate finding appended to the attempted murder conviction, (2) contends an unlawful term was imposed for the section 12022, subdivision (b) enhancement, and (3) maintains that section 654 bars multiple enhancements appended to different offenses when there is only one victim.

Cisneros argues (1) the term imposed for the section 186.22, subdivision (a) offense must be stayed pursuant to section 654, (2) the section 12022, subdivision (b) enhancement must be stricken or stayed if the section 12022.53 enhancement is imposed, (3) the consecutive term for the carjacking offense should be vacated because the trial court failed to state reasons on the record, and, (4) alternatively, defense counsel was ineffective for failing to request the trial court state its reasons for imposing a consecutive sentence.

We will address each of these issues, some of which the People concede.

## I.     Weapon Enhancements

Diaz and Cisneros have raised several issues surrounding the imposition of enhancements pursuant to sections 12022.53, subdivisions (c) and (e), and 12022, subdivision (b).

### *Section 12022.53 Enhancement*

Both Diaz and Cisneros challenge imposition of the personal gun use enhancement under section 12022.53 on the basis of sufficiency of the evidence. The People concede the enhancement must be stricken as to Diaz, but assert it should be upheld as to Cisneros. We agree with the People.

6.

A true finding under section 12022.53 requires the personal use of a firearm, except when the offense is committed to benefit a criminal street gang. (*People v. Brookfield* (2009) 47 Cal.4th 583, 590.) Here, the evidence established that Cisneros fired a gun, but Diaz did not. Thus, a section 12022.53 enhancement cannot be imposed on Diaz based on personal use.

Moreover, there is no criminal street gang finding as to Diaz that would support a section 12022.53, subdivision (e) enhancement. The jury was unable to reach a finding on the section 186.22, subdivision (b) gang enhancement, and the trial court thereafter dismissed it for lack of sufficient evidence. Consequently, the true finding on the section 12022.53, subdivision (e)(1) enhancement must be vacated as to Diaz. Based on our conclusion that the evidence does not support this enhancement as to Diaz, we need not address Diaz's other contentions regarding this enhancement.

As for Cisneros, however, the evidence supports the section 12022.53 enhancement. Section 12022.53, subdivision (c) requires that the defendant personally and intentionally discharge a firearm. Cisneros claims the firing of the weapon was accidental, not intentional. The jury found the discharge was intentional, which finding was supported by the evidence.

The testimony of a single witness, if believed by the fact finder, is sufficient to support a conviction. (*People v. Rincon-Pineda* (1975) 14 Cal.3d 864, 884-885; *People v. McIntyre* (1981) 115 Cal.App.3d 899, 906-907.) It was for the jury to assess the respective credibility of prosecution and defense witnesses. This court does not reweigh evidence, reevaluate the credibility of witnesses or resolve factual conflicts. (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 367.) Rather, "'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.'" (*People v. Perez* (1992) 2 Cal.4th 1117, 1124

(*Perez*).) Having reviewed the totality of trial evidence, we conclude the section 12022.53 enhancement as to Cisneros was sufficiently supported by the evidence.

The testimony at trial from Little was that Cisneros pulled a gun on him; Little tried to deflect it, but stated he never actually touched the gun. Ornelas testified Cisneros admitted to him that he "shot at" Little when Little tried to stop Cisneros from taking the car. This evidence clearly supports the conclusion the gun fired because Cisneros intentionally pulled the trigger.

The prosecutor argued to the jury the necessity of finding that Cisneros intended to fire the gun; the defense unsuccessfully argued the firing was accidental. No one testified the firing was accidental. The jury obviously found the firing to be intentional, as it returned a true finding on the section 12022.53 enhancement.

Even if the jury could have made a contrary finding, it is not for this court to reweigh the evidence and vacate the true finding. (*Perez, supra,* 2 Cal.4th at p. 1124.)

### *Section 12022 Enhancement*

Cisneros contends the section 12022, subdivision (b) enhancement for using a deadly weapon must be stayed or stricken because the trial court imposed punishment for the section 12022.53 enhancement, and the only weapon used by Cisneros was the firearm. The People agree. Diaz claims the term imposed for the section 12022, subdivision (b) enhancement is unlawful. Again, the People concede the point.

Section 12022.53, subdivision (f) provides that an enhancement pursuant to section 12022 *shall not* be imposed on a person in addition to an enhancement imposed pursuant to section 12022.53. As the California Supreme Court stated in *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1129, "section 12022.53 was enacted to ensure that defendants who use a gun remain in prison for the longest time possible and that the Legislature intended the trial court to stay, rather than strike, prohibited enhancements under section 12022.53." The California Supreme Court determined that use of the word "impose" in this instance should be understood as shorthand for "imposed and then

stayed." (*Id.* at pp. 1129-1130.) In accordance with the holding of *Gonzalez*, the section 12022, subdivision (b) enhancement should be imposed and stayed, not stricken, as to Cisneros.

As for Diaz, the trial court imposed a term of two years for the section 12022, subdivision (b) enhancement appended to count 1, attempted murder. Diaz contends the term is unlawful and should be a one-year term. He is correct.

Section 12022 authorizes the imposition of an additional one-, two-, or three-year term when the weapon use is in the commission or attempted commission of a carjacking. (§ 12022, subd. (b)(2).) For the commission of other felonies, such as attempted murder, section 12022, subdivision (b)(1) limits the additional term to one year. We will direct that the sentence and abstract of judgment be corrected on remand.

## II.    Sufficiency of the Evidence of Premeditation and Deliberation

Diaz contends there was insufficient evidence to support the premeditated and deliberate finding appended to the attempted murder count. Diaz argues arming himself with a knife and aiming it at Little's chest are circumstances that are "equally consistent with a sudden impulse to kill," as with premeditation and deliberation.

The standard of review on appeal of the sufficiency of the evidence supporting the finding of premeditated and deliberated murder involves consideration of the whole of the evidence and all logical inferences from that evidence. This court is required to review the evidence in the light most favorable to the judgment below to determine whether it discloses substantial evidence, to wit, evidence that is reasonable, credible and of solid value, from which a reasonable trier of fact could find Diaz premeditated and deliberated beyond a reasonable doubt. (*Perez, supra,* 2 Cal.4th at pp. 1123-1124.) Even if this court were to conclude it might have made contrary factual findings or drawn different inferences, "we are not permitted to reverse the judgment if the circumstances reasonably justify those found by the jury. It is the jury, not the appellate court, that must be convinced beyond a reasonable doubt." (*Id.* at p. 1126.)

9.

Where the finding is based on circumstantial evidence, this court "'must decide whether the circumstances reasonably justify the findings of the trier of fact, but [the appellate court's] opinion that the circumstances also might reasonably be reconciled with a contrary finding would not warrant a reversal of the judgment. [Citation.]'" (*People v. Cain* (1995) 10 Cal.4th 1, 39, quoting *People v. Proctor* (1992) 4 Cal.4th 499, 528-529.)

In assessing the evidence for premeditation and deliberation, "'The true test is not the duration of time, but rather the extent of the reflection. A cold, calculated judgment and decision may be arrived at in a short period of time, but a mere unconsidered and rash impulse, even though it include[d] an intent to kill, is not such deliberation and premeditation ....'" (*Perez, supra*, 2 Cal.4th at p. 1124.) "'Thoughts may follow each other with great rapidity and cold, calculated judgment may be arrived at quickly ....'" (*People v. Velasquez* (1980) 26 Cal.3d 425, 435.)

Here, Diaz exhibited advance planning by bringing a knife with him. He had time to consider and reflect on his course of action while Little and Cisneros struggled in the car. Then, when Little tried to retreat and escape, Diaz deliberately stabbed him in the chest, puncturing his lung and artery. Diaz's stabbing Little only once, or Little's escaping death, does not necessarily establish a less culpable state of mind. (*People v. Lashley* (1991) 1 Cal.App.4th 938, 945.) The prior possession of the weapon and the deliberately aimed stab to a part of the body likely to cause death or life threatening injuries, coupled with the opportunity to reflect, even if briefly, constitutes substantial evidence from which a reasonable jury could find Diaz acted from premeditation and deliberation, rather than sudden impulse. (*People v. Nelson* (2011) 51 Cal.4th 198, 213.) Diaz's claim thus fails.

## III.    Section 654

Diaz and Cisneros raise three issues regarding application of the principles of section 654. First, Cisneros contends the consecutive sentence imposed for the section

186.22, subdivision (a) criminal street gang offense must be stayed.  Second, both Cisneros and Diaz contend that imposition of punishment for the carjacking offense should be stayed since punishment was imposed for the attempted murder offense.  Third, Diaz contends that if punishment for both the carjacking and attempted murder offenses is permitted, section 654 precludes imposing more than one great bodily injury and weapon enhancement because there was only one victim.

### *Criminal Street Gang Offense*

Cisneros claims the consecutive sentence imposed for active participation in a criminal street gang, the section 186.22, subdivision (a) offense, must be stayed pursuant to section 654.  The People agree, and so do we.

Section 654, subdivision (a) states:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

In *People v. Mesa* (2012) 54 Cal.4th 191 (*Mesa*)*,* the California Supreme Court held that section 654 does not permit separate punishment for the section 186.22, subdivision (a) crime of active participation in a criminal street gang when the only evidence of such participation is the current charged offenses, even if there are multiple objectives.  (*Mesa,* at pp. 199-200.)

Here, as the People concede, the evidence supporting Cisneros's active participation in a criminal street gang was the evidence associated with the other charged offenses of carjacking and attempted murder.  Pursuant to *Mesa, supra,* 54 Cal.4th at page 199, the trial court should have stayed the term it imposed for the section 186.22, subdivision (a) offense.

### *Carjacking and Attempted Murder Offenses*

Both Diaz and Cisneros contend the punishment imposed for the carjacking offense should have been stayed because that offense was part of an indivisible course of

conduct that included attempted murder. They maintain the attempted murder was committed to facilitate the carjacking. The trial court found that section 654 did not apply. We agree with the trial court.

"Section 654 precludes multiple punishment for a single act or indivisible course of conduct punishable under more than one criminal statute. Whether a course of conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the 'intent and objective' of the actor. [Citation.] If all of the offenses are incident to one objective, the court may punish the defendant for any one of the offenses, but not more than one. [Citation.] If, however, the defendant had multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct. [Citation.]" (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267-268.)

Whether the defendant possessed multiple objectives and intents within the meaning of section 654 is a factual question. We will uphold a trial court's explicit or implicit finding if it is supported by substantial evidence. The trial court's determination is viewed in the light most favorable to the People and we presume the existence of every fact that could reasonably be deduced from the evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Here, the unarmed Little was struggling to retain possession of his car when Cisneros fired a shot. Little stopped struggling and began to back away from the car when Diaz stabbed Little in the chest, causing life-threatening injuries.

The elements of attempted murder are specific intent to murder a human being with express malice and an indirect ineffectual act in furtherance of such intent. (*People v. Lee* (1987) 43 Cal.3d 666, 670.) "Express malice" is defined as a deliberate intention to take away the life of a fellow creature. (§ 188.) Carjacking, however, requires the

12.

taking of a specific type of property by force or fear, i.e., a motor vehicle, with the intent either to permanently or to temporarily deprive the victim of possession of the vehicle. (*People v. Green* (1996) 50 Cal.App.4th 1076, 1083-1084.)  The necessary intent that is required for a guilty verdict on these two offenses is not the same.

When there are separate, even though simultaneous objectives and intents, imposition of multiple punishments is permissible.  (See, e.g., *People v. Nguyen* (1988) 204 Cal.App.3d 181, 189-193, 196 [assault of robbery victim had separate intent and objective than the robbery]; *People v. Porter* (1987) 194 Cal.App.3d 34, 37-39 [robbery and kidnapping of the same victim had separate objectives].)  When there are similar, but consecutive intents and objectives, imposition of multiple punishments also is permissible.  (See, e.g., *People v. Harrison* (1989) 48 Cal.3d 321, 334-338 [multiple sex crimes against a single victim have same, but consecutive, intent and objective and multiple punishment permitted]; *People v. Trotter* (1992) 7 Cal.App.4th 363, 368 [multiple shots fired at single victim evinces separate consecutive intents and multiple punishment imposed].)

Once Little had stopped resisting the carjacking and was backing away, he provided no further impediment to the carjacking.  All the force and fear necessary for completion of the carjacking had occurred.  Thereafter, stabbing him in the chest when he attempted to flee was done pursuant to a different intent and objective.  (See, e.g., *In re Chapman* (1954) 43 Cal.2d 385, 388-390 [defendant properly punished for robbery and felony assault because he struck victim after taking wallet]; *People v. Hopkins* (1975) 44 Cal.App.3d 669, 675-676 [robbery and felony assault separately punishable when defendant robbed and then struck victim].)

Under aider and abettor liability, Cisneros is culpable as a principal, even though Diaz was the one who wielded the knife.  Aiding and abetting instructions were given to the jury.  All persons concerned in the commission of a crime, whether it is a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid

13.

and abet in its commission, are principals in any crime so committed. (§ 31.) "Aiding and abetting does not require participation in an agreement to commit an offense, but merely assistance in committing the offense. [Citation.]" (*People v. Morante* (1999) 20 Cal.4th 403, 433.)

Section 654 does not preclude imposing punishment for both the attempted murder and the carjacking and the trial court's imposition of punishment for both offenses was appropriate. (*People v. Sandoval* (1994) 30 Cal.App.4th 1288, 1299-1300 [initial intent to rob victim is distinct from intent to shoot victim when victim did not cooperate].)

### *Section 654 and Enhancements*

Diaz contends that even if section 654 does not preclude imposition of separate punishment for both the carjacking and the attempted murder, it does preclude imposition of more than one great bodily injury and weapon use enhancement because those enhancements are based upon the same assault on a single victim. The People disagree, arguing that section 654 does not restrict imposition of either of these enhancements appended to the attempted murder and carjacking accounts. We conclude the great bodily injury enhancement can be imposed only once; the weapon enhancement can be imposed as to both offenses. We address each in turn.

Section 654 applies to enhancements and may preclude imposition of punishment on multiple enhancements arising from the circumstances of the crime and not the status of the offender. (*People v. Ahmed* (2011) 53 Cal.4th 156, 161.) When applied to a single substantive offense, section 654 "bars multiple punishment for the same *aspect* of a criminal act." (*Ahmed,* at p. 164.) *Ahmed*, however, did not address the imposition of multiple sentence enhancements for separate substantive offenses.

As for the great bodily injury enhancement, numerous cases stand for the proposition that only one great bodily injury enhancement may be imposed on a defendant if the defendant committed a single assault on a single victim. (See, e.g., *People v. Wooten* (2013) 214 Cal.App.4th 121, 132; *People v. Reeves* (2001) 91

14.

Cal.App.4th 14, 56; *People v. Moringlane* (1982) 127 Cal.App.3d 811, 817.)  In both *Reeves* and *Moringlane*, the appellate courts concluded that multiple enhancements for great bodily injury may not be imposed when there has been a single assault on a single victim.  (*Reeves,* at p. 57; *Moringlane,* at p. 819.)  When, however, there have been separate assaults on a single victim, multiple great bodily injury enhancements can be imposed.  (*Wooten,* at p. 133.)

Here, we concluded the attempted murder and the carjacking were separate and divisible acts with separate intents.  However, there was only a single attack on Little that resulted in great bodily injury -- the knife wound to the chest inflicted by Diaz during the attempted murder.  There were not separate assaults on Little.  Consequently, under *Reeves, Moringlane,* and similar cases, including *People v. Culton* (1979) 92 Cal.App.3d 113, 117 and *People v. Alvarez* (1992) 9 Cal.App.4th 121, 127, only one great bodily injury enhancement may be imposed on Diaz.

We reach the opposite conclusion with respect to the weapon enhancement.  Diaz used a knife to instill fear during the carjacking and to inflict great bodily injury in attempting to murder Little.  The weapon enhancement was properly appended and imposed on both substantive convictions.  (*People v. Britt* (2004) 32 Cal.4th 944, 951-952.)

## IV.    Consecutive Sentences

Cisneros contends that the consecutive sentences imposed for counts 2 and 5, carjacking and the gang offense, respectively, must be vacated because the trial court failed to state on the record reasons for its discretionary sentencing decision.  He also argues that if this issue is forfeited, defense counsel was ineffective for failing to assert it at the time of sentencing.  The People contend the issue is waived, and, alternatively, Cisneros cannot demonstrate that he suffered prejudice as a result of defense counsel's actions.  We agree with the People.

Cisneros has forfeited this issue. He cannot for the first time on appeal raise an objection to a sentence on the basis the trial court failed to state reasons for its sentencing choice. (*People v. Scott* (1994) 9 Cal.4th 331, 351-353.) Objections to a sentence imposed must be made in the trial court and must be sufficiently specific to provide the trial court a meaningful opportunity to correct any errors. (*People v. de Soto* (1997) 54 Cal.App.4th 1, 8-9.)

We next turn to Cisneros's contention that failure to raise this issue constitutes ineffective assistance by defense counsel. Because we have already determined that any punishment imposed for the count 5 offense must be stayed pursuant to *Mesa, supra,* 54 Cal.4th at page 199, we address only count 2.

The burden of proving ineffective assistance of counsel is on the defendant. (*People v. Pope* (1979) 23 Cal.3d 412, 425.) "As the United States Supreme Court explained in *Strickland v. Washington* [(1984)] 466 U.S. 668, 697, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies …. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" (*In re Jackson* (1992) 3 Cal.4th 578, 604 (*Jackson*).)

"If the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' [Citation.]" (*People v. Kipp* (1998) 18 Cal.4th 349, 367.) In other words, "in assessing a Sixth Amendment attack on trial counsel's adequacy mounted on *direct appeal*, competency is *presumed* unless the record *affirmatively* excludes a rational basis for the trial attorney's choice. [Citations.]" (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1260.)

To establish prejudice, Cisneros must show that absent defense counsel's failure to object to the trial court's omission of reasons for its sentencing choice, he would have received a more favorable result. (*Williams v. Taylor* (2000) 529 U.S. 362, 391, 394.) Cisneros has not made that showing.

The probation report for Cisneros recommended the aggravated term be imposed for the count 1 offense, with a consecutive term for count 2. Prior to sentencing, the trial court considered, and rejected, the application of section 654 to imposition of punishment on the substantive offenses. At sentencing, defense counsel raised concerns about the recommendation of the probation department that aggravated, consecutive terms be imposed. Defense counsel argued that the term imposed should be no more than the midterm and that the counts should not be consecutive because of the "overlap" between the carjacking and attempted murder. The People responded by asking that the count 2 term be imposed consecutively.

Before sentencing Cisneros, the trial court imposed sentence on Diaz. During that sentencing hearing, there was discussion and argument about whether to impose a concurrent or consecutive term for count 2.

The record reflects the trial court was aware of its discretionary sentencing choices. The trial court exercised its discretion to impose consecutive or concurrent terms and chose to impose consecutive terms on Cisneros as recommended by the probation department, but also chose to differ from the recommended aggravated term by imposing the midterm instead of the aggravated term on count 1. On this record, Cisneros cannot establish ineffective assistance of counsel because he cannot demonstrate prejudice. (*Jackson, supra,* 3 Cal.4th at p. 604.)

## V.     Independent Review of *Pitchess* Materials

Both Cisneros and Diaz ask this court to review independently the materials reviewed by the trial court in camera pursuant to a *Pitchess* motion.

Prior to trial, Diaz and Cisneros moved under *Pitchess, supra,* 11 Cal.3d 531 for discovery of the personnel records of Haney and requested discovery, including complaints against Haney for acts indicating or constituting dishonesty, false arrests, fabrication of charges, reports or evidence, or citizen complaints. The trial court reviewed the personnel records in camera and determined there was nothing in the personnel records to be disclosed. The trial court did disclose to the defense that Haney had pled in Kings County to a section 245 misdemeanor. Tulare County, however, did not have access to the police reports or other documents surrounding that incident.

Trial courts are vested with broad discretion when ruling on motions to discover police personnel records (*People v. Samayoa* (1997) 15 Cal.4th 795, 827; *People v. Memro* (1995) 11 Cal.4th 786, 832), and we review a trial court's ruling for abuse of discretion (*People v. Hughes* (2002) 27 Cal.4th 287, 330).

In accordance with Evidence Code section 1045, the trial court in this case examined Haney's personnel records in camera to determine whether they contained any information relevant to defendants' cases. Our appellate record, however, did not include copies of the documents the trial court examined. Therefore, we requested and received from the trial court the documents it reviewed in camera at the time of the *Pitchess* hearing. The augmented record now includes a sealed copy of the relevant documents from Haney's personnel file.

We have reviewed the record, including the sealed augmentation. The *Pitchess* motion here focused on whether any of Haney's personnel records were relevant to credibility issues in this case. Based on our review of the record, the trial court did not abuse its discretion in determining that none of the documents in Haney's personnel file referred to or reflected complaints against Haney for acts indicating or constituting dishonesty, false arrests, fabrication of charges, reports or evidence, or citizen complaints.

**VI.    Abstract of Judgment**

Cisneros contends there are clerical errors in his abstract of judgment. Diaz also contends there are clerical errors in his abstract of judgment. Because this case must be remanded for resentencing, the trial court can make any corrections to the abstracts of judgment that are deemed necessary.

## DISPOSITION

The verdicts on all substantive offenses and all true findings are affirmed, except for the true finding on the section 12022.53 enhancement and one section 12022.7, subdivision (a) enhancement as to Diaz, which are stricken. The matter is remanded for resentencing in accordance with this opinion and preparation of amended abstracts of judgment.

_____
CORNELL, Acting P.J.

WE CONCUR:

_____
GOMES, J.

_____
DETJEN, J.

19.